(36 App. Div. 87.)

### DEVLIN et al. v. ROUSSEL.

(Supreme Court, Appellate Division, First Department. January 13, 1899.)

PROCESS—PUBLICATION—NON-RESIDENT ADMINISTRATOR.

Service may be had by publication on a nonresident administrator of an estate committed to him by a New York court in an action for an accounting concerning a fund chargeable against the estate, the fund being within the jurisdiction of the New York court.

Appeal from special term, New York county.

Action by Mary E. J. Devlin and others against J. Numa Roussel, administrator with the will annexed of William Devlin, deceased.

From an order denying a motion to vacate an order for service by publication, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

W. H. Hanford, for appellant.

W. S. Logan, for respondents.

PATTERSON, J. The defendant, Roussel, described as "ancillary executor," appeared specially in this action, and moved to vacate an order for the service of the summons on him by publication. His motion was denied, and he now appeals from the order entered on that denial. The plaintiffs are the appointees of a fund held in trust under the will of Daniel Devlin, who died in 1867. The executors of that will turned over the fund to William and Jeremiah Devlin, the testamentary trustees thereof. The power of appointment was given by the testator, Daniel Devlin, to the survivor of the trustees. William Devlin died in 1892, and Jeremiah in 1893. The latter, as surviving trustee, made, by a codicil to his will, an appointment of the fund to the plaintiffs, his own children. The trustees were directed and required, by the express terms of the trust, to invest the trust fund in certain specified securities, instead of doing which they invested several hundred thousand dollars of it in a different, and hence prohibited, kind of security, viz. in mortgages upon lands of Jeremiah Devlin or of his wife. After William Devlin died, Jeremiah assigned all these mortgages to a third person, who satisfied them of record, and they were thus canceled. On the death of William Devlin, Jeremiah Devlin qualified as executor of his will, and on the death of Jeremiah Devlin, J. Numa Roussel, one of the defendants, was appointed and qualified as administrator with the will annexed of William Devlin, or letters were issued to him by the surrogate of New York, the will of William Devlin having been admitted to probate in the county of New York. It is stated that "ancillary letters testamentary" were issued to Roussel, but there is nothing before us to show that William Devlin's was a foreign will, or one not originally proved in the state of New York; on the contrary, the complaint (which contains the only information we have as to these facts) alleges the probate of the will in New York, and no reference is made in that connection to any other jurisdiction. This action is brought, among other things, to compel an accounting as to the trust fund, and to reach it as if it were yet in the hands of William and Jeremiah Devlin or their representatives. The plaintiffs take by the will of Daniel Devlin, pursuant to a power therein contained, and duly exercised by the donee thereof. The subject of the action is a fund in this state established under the terms of a will, and constituted by the executors of that will, and actually put into the hands of trustees in this state. J. Numa Roussel is a necessary party to the action as the representative of one of the trustees in whose hands the fund was placed, and who is sought to be held accountable for it. But Mr. Roussel is a nonresident of New York, and the ground of his motion to vacate the order appealed from is that service cannot,

under the provisions of the Code of Civil Procedure, be made on him properly by ṭ ıblication. It is plain that such substituted service could not be made on a nonresident defendant so as to bind him to a personal liability by judgment, and, had that been the whole case, the motion should have been granted. Von Hesse v. Mackaye, 55 Hun, 369, 8 N. Y. Supp. 894, affirmed 121 N. Y. 694, 24 N. E. 1099. The object of the present action, so far as Roussel is concerned, is to compel an accounting concerning a fund chargeable, as is claimed, against an estate committed to his hands by a court of New York, and the jurisdiction of the appropriate courts of this state extends to the settlement of his accounts and the charging of claims against the estate in his hands. The action, although in form in personam, as every purely equity suit must be, nevertheless relates to a fund within the jurisdiction of the supreme court of New York, and actually within this state, and is quasi in rem, if not in rem; and, the res being within the jurisdiction, there is something for a judgment settling rights to operate on. Ward v. Boyce, 152 N. Y. 196, 46 N. E. 180.

The order must be affirmed, with $10 costs and disbursements. All concur.