## NELLIE B. BULLOCK v. WILLIAM E. BULLOCK AND ANOTHER.[1]

November 28, 1930.

No. 28,180.

*Byron R. Wilson,* for appellant.
*Mark & Barron,* for respondent.

WILSON, C. J.

Defendant Bullock appealed from an order overruling his special appearance and enjoining and restraining him from disposing of his property pending the action, and restraining defendant Strom from delivering to defendant Bullock any money or personal property which he holds and to which said Bullock is or may be entitled, and directing the payment of temporary alimony and suit money.

Plaintiff prosecutes the action for a divorce. The defendant husband is living in the state of Iowa. He owns a farm in Minnesota

[1]Reported in 233 N. W. 312.

which is in the custody of defendant Strom, who holds money and personal property belonging to the defendant husband.

At the commencement of the action the district court issued its order restraining defendant Strom from delivering to defendant Bullock any money or other personal property in his custody and to which defendant Bullock was or may be entitled. The order also restrained Bullock from disposing of or encumbering his Minnesota property. Both defendants were required by the terms of the order to show cause why such restraint should not continue until the action was terminated. The summons, complaint, and order were served on defendant Strom in Minnesota. They were personally served upon defendant Bullock in Iowa. Upon the return day specified in the order to show cause both defendants made special appearances and objected to the jurisdiction of the court, after which the court made the order from which the appeal has been taken.

The court has jurisdiction over property within the state regardless of the residence or presence of the owner. Money in Strom's hands due the husband is, like other personal property in his custody, property within the state. The power extends to tangible and intangible property. The important things are that the res is within the state, that it is seized at the commencement of the action, and that the owner be given an opportunity to be heard. As to the nature of alimony, see Bensel v. Hall, 177 Minn. 178, 225 N. W. 104. The court has broad powers incident to jurisdiction of the marriage status in awarding alimony and in reaching the husband's property in the state.

Under the conditions mentioned, a decree for alimony against an absent husband will be valid under the same circumstances and to the same extent as if the judgment were on a debt—that is, it will be valid not in personam but as a charge to be satisfied out of the property seized. The restraining order issued against Strom under the circumstances was as effective a seizure as the customary garnishment or attachment. The authorities support our conclusion that the order of the trial court should be affirmed. Pennington v. Fourth Nat. Bank, 243 U. S. 269, 37 S. Ct. 282, 61 L. ed. 713,

L. R. A. 1917F, 1159; Thurston v. Thurston, 58 Minn. 279, 59 N. W. 1017; Pye v. Magnuson, 178 Minn. 531, 227 N. W. 895; Bragg v. Gaynor, 85 Wis. 468, 55 N. W. 919, 21 L. R. A. 161; Twing v. O'Meara, 59 Iowa, 326, 13 N. W. 321; Benner v. Benner, 63 Ohio St. 220, 58 N. E. 569; Rhoades v. Rhoades, 78 Neb. 495, 111 N. W. 122, 126 A. S. R. 611; Murray v. Murray, 115 Cal. 266, 276, 47 P. 37, 37 L. R. A. 626, 56 A. S. R. 97; Tyler v. Judges of Court of Registration, 175 Mass. 71, 55 N. E. 812, 51 L. R. A. 433; see note to the Pennington case, 243 U. S. 269, in 61 L. ed. 713, 715.

Affirmed.