# WILLIAM M. SCHUELLER v. ELSIE M. PALM.[1]

November 24, 1944.

No. 33,597.

*Leonard Eriksson* and *Owen V. Thompson,* for appellant.
*William P. Harrison,* for respondent.

[1]Reported in 16 N. W. (2d) 773.

Thomas Gallagher, Justice.

Appeal from judgment of dismissal based upon an order sustaining defendant's demurrer to the complaint. The court's memorandum indicates that the demurrer was sustained on two grounds: (1) That the complaint failed to state a cause of action, and (2) that plaintiff's suit was barred under the statute of limitations.

August Palm died intestate on June 19, 1919, and on June 22, 1919, letters of special administration in his estate were issued to Leonard Eriksson, counsel for plaintiff herein, who duly qualified at that time. At the time of his death, decedent was a party to an incompleted contract with the state of Minnesota for the construction of a men's dormitory at the Fergus Falls State Hospital for the Insane.

On August 14, 1919, the special administrator, with the approval of the probate court, entered into a contract with plaintiff whereby the latter agreed to complete the aforesaid construction work in accordance with the terms of the contract between August Palm and the state.

The complaint alleged that the contract between plaintiff and the special administrator was completed by plaintiff and accepted by the state on November 7, 1920, and that there remained due and owing plaintiff thereon the sum of $1,380 with interest at the rate of six percent per annum from November 7, 1920, for which amount plaintiff sought recovery.

On June 20, 1923, the probate court of Otter Tail county appointed one Robert E. Lincoln as general administrator of the estate of August Palm. Lincoln never qualified, but did not decline the position until July 27, 1937. On April 16, 1938, Elsie M. Palm, a daughter of decedent, duly qualified as general administratrix of the estate and has since held that position. As such general administratrix, she is defendant in this action.

A reference to the case In re Estate of Palm, 210 Minn. 77, 297 N. W. 765, gives a further history of the tenure of the special administrator. On June 19, 1923, his final account was filed with the probate court. Nothing further was done therein to have said

account settled until July 1937, at which time the heirs filed objections thereto. At that time the probate court and, on appeal, the district court, disallowed several items therein claimed as credits by the special administrator, including one relating to the claim here involved. On appeal to this court, such adjustments were affirmed, and with reference to the item involved in the present litigation this court stated (210 Minn. 83, 297 N. W. 769):

"Another credit claimed by appellant and disallowed was one of $1,760.22. The claim is that when the dormitory building was completed and after allowing Schueller [the plaintiff herein] credit for all other payments to him there remained owing him $1,760.22, for which appellant [present counsel for plaintiff] made settlement. There is no evidence that he paid that sum. In part his assertion is that he remitted some $700 of attorney's fees which Schueller was owing him and gave him a note for $500. Schueller's testimony is not clear; appellant's is not convincing. It is enough that as to this item appellant did not sustain the burden of proof resting upon him."

We are satisfied that the court's order sustaining the demurrer to plaintiff's complaint and the judgment based thereon must be sustained. The complaint on its face clearly indicates that the debt to plaintiff, if any, matured on November 7, 1920, and that more than six years from said date elapsed prior to this action, which was commenced on March 12, 1942. It is true that the complaint alleges that "the unpaid amount of money earned by this plaintiff became due and payable after the due qualification of the above named defendant, as representative of said estate," but the complaint and the exhibits which form a part thereof clearly indicate that the debt had matured on November 7, 1920. This being true, the statute of limitations commenced to run as of that date, and plaintiff, had he a just and valid claim for money due him under said contract, failed to institute his action within the six-year period of limitations permitted. Minn. St. 1941, § 541.05 (Mason St. 1927, § 9191).

■ It is contended by plaintiff that his action did not accrue until the appointment and qualification of the general administrator, and that he was without authority to commence·suit against Eriksson, the special administrator, after the appointment of Lin-· coln as general administrator, even though the latter failed to qualify as such.

We do not agree with plaintiff's contention that Eriksson ceased to be such special administrator upon the making of the court order appointing Lincoln general administrator. As stated, the latter never filed his bond or qualified as such. The appointment of a special administrator normally continues effective until a general administrator or executor is appointed and qualifies as such. 34 C. J. S., Executors and Administrators, § 1039. As long as a special administrator remains in office his control over the estate is exclusive. *Id.* § 1040.

The statutes of this state which were then in effect provided· as follows:

"* * * Upon granting letters testamentary or of administration the power of such special administrator shall cease, and he shall forthwith deliver to the executor or administrator all the property in his hands." Mason St. 1927, § 8785.

"Whenever the probate court shall find, upon petition, that any executor, administrator, or guardian *has fully executed his· trust,* and has paid over to the persons entitled thereto all money and other property in his hands as such, said court may enter an order *finally discharging him and his bondsmen* from further liability." (Italics supplied.) Mason St. 1927, § 8886.

Accordingly, in the instant case, when Lincoln failed to qualify as general administrator the special administrator continued in office. His conduct seems to bear out this conclusion, for, as previously mentioned, he subsequently filed his final account in 1923 and submitted it for final hearing in 1937. Under such circumstances, if plaintiff's action here is against the estate, there existed at all times someone representing the estate whom he might sue

for the enforcement of the claim he now asserts, and accordingly the six-year period of limitations expired prior to the commencement of this action against the estate.

■ Plaintiff asserts, however, that there is doubt as to whether he might have instituted the present action against the special administrator, contending that the law does not permit a special administrator to be named defendant in actions of this kind, but requires that a general administrator be named as party defendant.

Dunnell, Minn. Probate Law, § 733, covers the liability of an estate on contracts made by the executor or administrator on behalf thereof. Therein no distinction is made between the liability of a special administrator and that of an executor or general administrator. The rule there stated is as follows:

"It is the general rule that an executor or administrator cannot bind the estate which he represents by a new and independent contract, though it is made in the interest of and actually benefits the estate, and he assumes to make it only in his representative capacity. If he attempts to do so the contract binds him personally but not the estate. He cannot create a new liability against the estate not founded on the contract or obligation of the decedent."

Without determining whether the foregoing rule would have prevented this action against the estate even if it had been commenced within the six-year period, we cannot escape the conclusion that, in any event, plaintiff's action, either against the estate or against the special representative thereof in his individual capacity, expired six years from November 7, 1920, the date his debt matured.

■ Plaintiff questions the right to attack the sufficiency of the complaint by general demurrer. This contention is effectively answered by 4 Dunnell, Dig. § 5659, which specifies:

"Where it unequivocally appears from the face of a complaint that the cause of action therein alleged is barred by the statute of limitations a general demurrer will lie. * * * A complaint which shows that the time limited by statute for bringing the action had expired before the action was begun without showing the existence

of facts which will avoid the operation of the statute fails to state a cause of action."

Judgment affirmed.