·GLASSER v. WESSEL et al.
No. 91.

Circuit Court of Appeals, Second Circuit.
Dec. 10, 1945.

Before L. HAND, CHASE and FRANK, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from a judgment, summarily dismissing the complaint of a trustee in bankruptcy in an action brought against the bankrupt, her former husband and her attorney, to set aside, as a fraud against creditors, an assignment made by her in November, 1935, of her interest in a trust fund. The only question is whether the action is barred by the judgment of the Superior Court of Hartford County, Connecticut, entered on October 20, 1944. The action at bar was commenced on July 11, 1944, the defendants answered, and later filed supplemental answers setting up the judgment of the Connecticut court. The property which is the subject of the action at bar was a share in the remainder of a trust fund, situated in Connecticut; the trustee was a trust company in Hartford; the life beneficiaries had died; and the trustee wished to distribute the remainders and be discharged. On August 18, 1944, it took out a writ, with a complaint attached, in the Connecticut court, alleging that it had been appointed trustee under the will of one, Rogers, who died in 1928, and held a fund "for distribution to the remainderman"; that the bankrupt had been entitled under the will to a one-fourth interest in the remainder, but had assigned her interest on November 2, 1935, to her husband, who, on December 22, 1943, in turn assigned it to one, Wessel. It then alleged that Glasser, the trustee in bankruptcy, had been appointed in December, 1942, and had brought the action at bar, claiming the bankrupt's interest; that one, Sheehan, a receiver appointed in New York in proceedings supplementary to execution, also claimed to be entitled to it; and that the trustee did not know what were the respective rights of the three claimants. The complaint concluded with a prayer that the defendants "be required to interplead," and that the trustee be discharged "upon payment of the balance of the money * * * to such person or persons as this Court may order." The bankrupt and her husband appeared and disclaimed all interest in the fund; Wessel appeared and claimed it as assignee; Glasser and Sheehan were served by registered mail in New York, and on October 16, 1944, the court entered an interlocutory "default judgment" against them and in favor of Wessel, giving them until October

Benjamin Leibowitz, of New York City, for appellant.

Aaron E. Koota, of New York City, for appellee.

20 to assert their claim. On that day the plaintiff appeared and asked for a continuance, which was denied, and the "default judgment" was made absolute by a final judgment entered that day, which is that interposed by the defendants in this action. The plaintiff, Glasser, raises three objections to it as a bar. First, it was one of "interpleader" and was not valid without personal service upon her. Second, even though notice alone was enough to give jurisdiction over her, it did not profess to decide who was the owner of the remainder. Third, in any case the defendants were estopped to assert it. Fourth, the plaintiff was deprived of "due process of law" when the court denied her request for a continuance on October 20, 1944.

■ The first objection rests upon a misunderstanding of the nature of the Connecticut suit. It is true that the complaint asked that Glasser and the other parties "interplead," that the interlocutory judgment of October 16, 1944, was called a "judgment of interpleader," that it recited that the complaint had required Sheehan, Glasser and Wessel to "interplead," and that it required them to do so. But, so far as was necessary to constitute a bar in this action, the Connecticut judgment did not affect any obligation of the trustee to Glasser, or Wessel. The complaint alleged that the time had come to close the trust, that it had been vexed by three claims to one of the remainders, and it asked only that the court declare to whom it should deliver the fund. With this as a background, the first objection breaks into two parts: (1) whether the law of Connecticut regards such suit as "in rem" or "quasi in rem"; (2) whether, if so, the judgment is conclusive on the plaintiff in the absence of personal service. In Coyne v. Plume, 90 Conn. 293, 97 A. 337, the assignee of an interest in an equitable life estate attempted to reach it in a suit in Connecticut in which he served the trustee in that state but could not serve Plume, the life beneficiary; and this was held to be fatal to any relief, because the suit was not "in rem" or "quasi in rem," apparently because the only property which could be reached was income which might accrue in the future. In the case at bar the trustee had possession of the whole fund; and, although it did not go through the form of putting it into the custody of the court, it consented in advance to accept the court's direction, and indeed the whole purpose of the suit was to secure a direction which would protect it. It would be indeed a feeble difference if the failure of the trustee to put the fund into the actual custody of the court, left it without jurisdiction to do what it could have done, if it had had that custody. It is well settled that, if it had had custody the judgment would have been good without personal service, so far as it undertook merely to determine interests in the fund. Arndt v. Griggs, 134 U.S. 316, 10 S.Ct. 557, 33 L.Ed. 918; Grannis v. Ordean, 234 U.S. 385, 395, 34 S.Ct. 779, 58 L.Ed. 1363; Security Savings Bank v. People of State of California, 263 U.S. 282, 287, 44 S.Ct. 108, 68 L.Ed. 301, 31 A.L.R. 391; Restatement of Conflict of Laws, § 102. Indeed it is the ordinary doctrine that actual custody is not necessary in such cases when the suit is one in which the court could at any time take custody. Farmers Loan & Trust Co. v. Lake Street Ry. Co., 177 U.S. 51, 61, 20 S.Ct. 564, 44 L.Ed. 667. For these reasons we regard the Connecticut suit as one which the courts of that state would regard as "quasi in rem," to the extent of not requiring personal service, though not if the question involved a personal obligation. Freeman v. Alderson, 119 U.S. 185, 7 S.Ct. 165, 30 L.Ed. 372. Such decisions as we have been directed to, or have been able to find, are in accord. First Trust Co. v. Matheson, 187 Minn. 468, 246 N.W. 1, 87 A.L.R. 478; Devlin v. Roussel, 36 App.Div. 87, 55 N.Y.S. 386.

■ The other three objections need not detain us. It would be a plain perversion of the Connecticut judgment to say that it did not mean to determine the interests of the defendants in the fund. The court could not properly, or indeed even honestly, decide to whom the trustee should deliver it, until it had heard the claimants and decided between them. The plaintiff's claim that the defendants are "estopped" to set up the judgment, rests upon her attorney's allegation that, when he asked for a continuance, he was told that Wessel was responsible. That might perhaps be deemed an implied agreement to leave the issues open, but it does not appear that the plaintiff acted on it to her disadvantage. Quite to the contrary, her position is that she insisted upon a continuance and was denied one. Finally, the denial did not invalidate the judgment. Although she had received personal notice of the suit nearly two months before, she had taken no action whatever until the last day provided in the interlocutory judgment. If it was

unfair not to give her more time, or if she was lulled into acquiescence by anything said on October 20, these were matters which did not open the judgment to collateral attack; they were grievances to be remedied in the Connecticut courts alone.

Judgment affirmed.