ROSALIA L. McANDREWS AND ANOTHER v.
ARMENIA L. KRAUSE AND OTHERS.[1]

June 10, 1955.

No. 36,485.

[1]Reported in 71 N. W. (2d) 153.

86

*Plunkett & Plunkett,* for appellants.
*Allen & Delaney* and *Miller & Pearson,* for respondents.

CHRISTIANSON, JUSTICE.

Action is brought by plaintiffs, Rosalia L. McAndrews and Anna L. Haagensen, in the Olmsted county district court to impose a constructive trust upon certain real estate located in North Dakota, Nebraska, and Iowa and upon personal property presently in the state of Minnesota. All of the above property was in the name of decedent, LuRene L. Lamm, a resident of Iowa, at the time of her death in Rochester, Minnesota. The present litigation arises out of the purported last will and testament of said decedent, which gives an estimated estate of $260,000 to the defendant Maxwell Krause. The case is here on an appeal from an order granting, in part, a motion to dismiss for lack of jurisdiction.

The gist of the action as set forth in the complaint is that the deceased, LuRene L. Lamm, failed to comply with an agreement allegedly made between herself and her mother, Anna Marguerite Lamm, who predeceased her, whereby the mother executed deeds to the real estate in question to LuRene L. Lamm on condition that

she hold in trust for plaintiffs, her sisters, an undivided two-thirds interest in the lands and accumulations therefrom and pay over and transfer the properties when the best interests of said sisters would be served thereby. Allegedly it was also agreed that should LuRene L. Lamm fail to make such transfers during her lifetime she would do so in her last will and testament. She failed to do either, although starting with the year 1946 she began making a partial distribution of accumulations therefrom up to the amount of $10,781.54.

Following the death of the decedent the defendant Maxwell Krause, a resident of Minnesota, who is the residuary beneficiary under decedent's purported last will and testament and named as executor therein, filed a copy of the will in the states of North Dakota, Nebraska, and Iowa, in which states the real property is situated. The Iowa court appointed Julian Moe, a resident of Iowa, as coexecutor of the will in that state and an effort has been made to join him as a defendant in this action. Plaintiffs are presently contesting the will in Iowa and have appealed from a North Dakota probate court order allowing the will in that state. The Nebraska probate court has stayed all proceedings pending a determination of the will contest in Iowa.

Accumulations from the various properties were invested in a variety of securities by LuRene L. Lamm commencing in the year 1940 and as a result the net income from the lands together with the interest and dividends from the investments totaled $106,239.65 at the time of her death. At the present time these funds are in the hands of the Olmsted County Bank & Trust Company of Rochester, Minnesota, which bank has been appointed special administrator of the estate of LuRene L. Lamm, deceased, in the state of Minnesota. The bank was not made a party to this suit.

This action was commenced against the coexecutors, Maxwell Krause and Julian Moe, as representatives of the estate in Iowa and against the same Maxwell Krause as representative of the estate in Nebraska and North Dakota. The action was also brought against Maxwell Krause, individually and as residuary beneficiary under the will, his wife Lorraine Krause individually and as the wife of

Maxwell Krause, and against Armenia L. Krause, a sister of plaintiffs and the deceased LuRene L. Lamm, as one of the three sole surviving heirs of said decedent. The defendant Armenia Krause, in addition to answering, also cross-claimed and in so doing admitted substantially the allegations of the complaint but alleged that the properties were to be held in trust by LuRene L. Lamm not only for plaintiffs but also for her—thus claiming that the assets should be divided into four parts rather than three.

Following the commencement of the action a garnishee summons was issued by plaintiffs and served upon the Olmsted County Bank & Trust Company. A copy of the garnishment summons and notice was also served upon the defendants. The garnishee bank in a garnishment disclosure revealed that it had in its possession personal property totaling $106,239.65 belonging to the estate of LuRene L. Lamm, deceased.

Thereafter the defendants, except for the cross complainant, Armenia Krause, moved to dismiss the original complaint and the cross claim on the grounds, among others, (1) that the court lacked jurisdiction over the defendants' persons; (2) that the court had no jurisdiction of the defendants, Maxwell Krause and Julian Moe, as coexecutors of the estate of LuRene L. Lamm as appointed by the district court in Iowa; (3) that the court had no jurisdiction of Maxwell Krause as executor of the estate in North Dakota and Nebraska; and (4) that the Olmsted County Bank & Trust Company was an indispensable party and was not joined as a defendant.

After argument on the motion the district court ordered that as to jurisdiction over the defendants Maxwell Krause and Lorraine Krause, as individuals, the motion be denied, but granted the motion to dismiss for lack of jurisdiction over Julian Moe and Maxwell Krause as executors and representatives of the estate. Plaintiffs thereafter made a motion to vacate and set aside the order as to the defendants Moe and Krause in their representative capacities. At the hearing on plaintiffs' motion to vacate, the district court granted the defendants' motion to dismiss plaintiffs' motion on the grounds that it was improper and unauthorized under Rule 7.02 of the Rules

of Civil Procedure. Plaintiffs appeal from both the order granting the dismissal because of lack of jurisdiction over the defendants as representatives of the estate and the order denying the motion to vacate. Since a decision on the granting of the first motion will render moot the questions raised by the denial of the second, we will consider this case as an appeal from the first order only.

■ The first issue to be resolved is whether the district court acquired jurisdiction over Maxwell Krause, the resident coexecutor of the estate, through personal service of the summons and complaint upon him. The defendants-respondents contend that, because Krause was appointed coexecutor by the Iowa court and because he was not performing representative functions in this state, the Minnesota court cannot obtain jurisdiction over him. As a general rule, a foreign representative in his capacity as representative of an estate may not be sued in any jurisdiction outside of the state in which he was appointed. See, *e.g.,* Farnsworth v. Hubbard, 78 Ariz. 160, 277 P. (2d) 252; Estate of Paine v. Garnett, 128 Fla. 151, 174 So. 430; 21 Am. Jur., Executors and Administrators, § 985; 34 C. J. S., Executors and Administrators, § 1013. There is an exception to this rule, however, when under certain circumstances assets are within the forum's jurisdiction and the action is of an equitable nature. See, Mason's Dunnell, Minn. Probate Law (2 ed.) § 1190. Here we have an equitable action to impose a constructive trust on real property outside the state and on personal property within the state. Although a Minnesota court's power in such a case as this would not extend outside the state so as to determine title to property not presently within the jurisdiction, there is no question but that in a case such as we have here the court would have jurisdiction of Krause in his representative capacity insofar as the assets now being held by the Olmsted County Bank & Trust Company as special administrator are concerned.

■ The plaintiffs presently find themselves in such a position that they would be unable to get jurisdiction over Krause were they to commence a proceeding in Iowa because he is a Minnesota resident, and also because a substantial portion of the assets are in Minnesota.

Under such circumstances an equity court will recognize an exception to the general rule. One of the reasons for the exception was expressed in Campbell v. Tousey, 7 Cow. (N. Y.) 64, 67, as follows:

"* * * It is the only way in which an executor, under such circumstances, can be reached. He cannot be compelled to account here, even in relation to the assets received in this state; for having taken no letters of administration here, he is not amenable in that way to any of our courts. *He cannot be reached in Pennslyvania, because both his person and the assets are beyond its jurisdiction; * * *.*" (Italics supplied.)

A similar view is pointed up in Holmes v. Camp, 219 N. Y. 359, 372, 114 N. E. 841, 845, wherein the New York Court of Appeals said:

"* * * I regard it as established that in exceptional cases suits will be entertained against foreign administrators where it is essential to the administration of justice, and *an equity suit for the purpose of determining the ownership of property within our jurisdiction in my opinion comes within those exceptions.*" (Italics supplied.)

See, also, Bergmann v. Lord, 194 N. Y. 70, 77, 86 N. E. 828, 831, where the New York court stated:

"It is a general rule that an action will not lie against a foreign executor, but there are exceptions to the rule. [Citing cases.]

"In actions in equity where it is necessary to prevent a failure of justice, jurisdiction will be assumed *at least so far as the relief to be secured relates to property in the jurisdiction of the court.*" (Italics supplied.)

The rule in Virginia is to the same effect. See, Sylvania Industrial Corp. v. Lilienfeld's Estate (4 Cir.) 132 F. (2d) 887, 890, 145 A. L. R. 612.

Since coexecutor Krause is a resident of Minnesota and since there is property within the state over which this state's power extends, we hold that the personal service of the summons and complaint in this action is sufficient to enable the district court to acquire personal jurisdiction over him as representative of the estate at least insofar as the property in this state is concerned.

■ However, as to the real or personal property located in Iowa, Nebraska, and North Dakota the jurisdiction of the Minnesota court cannot be sustained. To do so would be an unnecessary encroachment of our court upon the domiciliary probate functions of the Iowa courts thereby going in direct contravention to one of the main purposes for the general rule that suits against foreign representatives should not be entertained, that is, that an executor should be subject to one master—the domicile—rather than many masters who might issue inconsistent and onerous commands.[2]

The defendants-respondents contend in their motion to dismiss that the assets in the hands of the Olmsted County Bank & Trust Company were illegally and fraudulently brought into the state of Minnesota without the consent of the decedent, LuRene L. Lamm, or her legally appointed, duly qualified representatives. Since there has been no showing that these assets were in fact brought into this state illegally, we do not decide, passing upon this order granting, in part, a motion to dismiss for lack of jurisdiction, what effect this would have on the jurisdiction of the Minnesota courts.

■ The second question to be determined is whether the district court acquired jurisdiction over Julian Moe, a resident of Iowa, in his capacity as coexecutor of the estate. Plaintiffs do not make any claim as to jurisdiction in personam over Moe, but rely upon service by publication under Rule 4.04 of the Rules of Civil Procedure. The Minnesota rules provide that service by publication is sufficient to confer jurisdiction in five situations. Two of these five are:

"(2) When the plaintiff has acquired a lien upon property or credits within the state by attachment or garnishment, and

\*   \*   \*   \*   \*

"(b) The defendant is a nonresident individual, or a foreign corporation, partnership or association;

\*   \*   \*   \*   \*

"(4) When the subject of the action is real or personal property within the state in or upon which the defendant has or claims a

---

[2]See, Farnsworth v. Hubbard, 78 Ariz. 160, 165, 277 P. (2d) 252, 256.

lien or interest, or the relief demanded consists wholly or partly in excluding him from any such interest or lien;"

Although the personal property in the hands of the special administrator, Olmsted County Bank & Trust Company, was apparently garnished by plaintiffs, their counsel conceded at the oral argument that this is not an action for the recovery of money as required under our garnishment statutes[3] and that the garnishment was ineffectual for purposes of acquiring jurisdiction over the coexecutor Moe by publication under Rule 4.04(2)(b).[4] It, therefore, becomes unnecessary to consider the various objections advanced by respondents with respect thereto.

It also becomes unnecessary for us to decide whether plaintiffs acquired jurisdiction over the coexecutor Moe by service by publication under Rule 4.04(4) since the appeal must of necessity be disposed of upon another ground, but we note in passing that an in rem or quasi in rem proceeding would be a proper one in an action concerning personal property localized within the state.[5]

The complaint in this action in effect has a dual aspect in that it not only states a claim for constructive trust but also contemplates an action in the nature of an in rem proceeding under Rule 4.04(4) whereby the "relief demanded consists wholly or partly in excluding" the defendant Moe as coexecutor of the estate from any interest he has or claims in the personal property now in the hands of the special administrator. It was under the former or constructive trust

---

[3]M. S. A. 571.41, *et seq.*

[4]In their complaint the plaintiffs also seek an order restraining and enjoining the special administrator from making any disposition of the assets pending a determination of the issues in the case. Under certain circumstances a restraining order has been held to be as sufficient a seizure of property as the customary garnishment or attachment. See, Bullock v. Bullock, 181 Minn. 564, 233 N. W. 312.

[5]As to in rem or quasi in rem proceedings involving personal property and as affecting persons without the state, see First Trust Co. v. Matheson, 187 Minn. 468, 246 N. W. 1, 87 A. L. R. 478; Holmes v. Camp, 219 N. Y. 359, 114 N. E. 841 (foreign executor); Devlin v. Roussel, 36 App. Div. 87, 55 N. Y. S. 386 (nonresident administrator). Also, see 18 Minn. L. Rev. 708; Annotations, 87 A. L. R. 485 and 126 A. L. R. 664.

theory that we have found that the district court did have jurisdiction over the resident executor Krause but not over the coexecutor Moe. It is in the latter or the in rem phase of this action that the position of the defendants, in regard to their claim that the special administrator was an indispensable party, becomes particularly pertinent and controlling. An action in rem or at least in the nature of an action in rem is one directed not against particular individuals but against specific property, and a resulting decree binds everyone who has any interest therein.[6] It is thus necessary that before a court can proceed it have before it all those who have such an interest in the litigation that a judgment rendered can be a truly effective judgment.

Indispensable parties have been defined as:

"* * * Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience."[7]

This test is not an absolute one, however, and a determination of who is an indispensable party involves a great many considerations,[8] and the decision must rest upon the facts of each particular case. The determination of who is or who is not an indispensable party becomes important in that under Rule 19.01 of the Rules of Civil Procedure an indispensable party must be joined or the action must be dismissed. Although the rules contemplate a difference between an indispensable party who must be joined or the action cannot succeed, and a necessary party who must be joined if he be within the jurisdiction, the distinction would be of no practical significance in this case because the special administrator is within the jurisdiction and it thus must be joined in any event—unless it be merely a proper party who may be but need not necessarily be joined.[9]

[6]1 Am. Jur., Actions, § 45; 1 C. J. S., Actions, § 1(6).

[7]Shields v. Barrow, 58 U. S. 130, 139, 15 L. ed. 158, 160.

[8]See, 65 Harv. L. Rev. 1050, 1052.

[9]See, Rule 19.02; 1 Youngquist & Blacik, Minnesota Rules Practice, pp. 568, 581.

We find, however, that insofar as the in rem phase of this action is concerned the Olmsted County Bank & Trust Company is an indispensable party.

A special administrator as appointed under M. S. A. 525.30 to 525.304 has exclusive control over the portion of the estate in his hands[10] and as a general rule a representative of the estate is an indispensable party in an action affecting the personal estate of a decedent.[11] Since the Olmsted County Bank & Trust Company holds the assets against which this action is being brought, there is no doubt but that, as the party who is to turn over the funds to the rightful owners, it should be bound by any decree as to that property. To permit the special administrator to transfer the assets to the domiciliary representative in Iowa while the parties were adjudicating the title to the property here in Minnesota would not only run contrary to the general policy of avoiding a multiplicity of suits but would also be inconsistent with the nature of the action as substantially one in rem.

In Massachusetts & Southern Const. Co. v. Cane Creek Township, 155 U. S. 283, 285, 15 S. Ct. 91, 39 L. ed. 152, 153, the plaintiff brought an action to recover the possession of certain bonds, and the United States Supreme Court said:

"* * * The Deposit and Trust Company was the party in possession, and, although it claimed no interest in the bonds as against the plaintiff and its codefendant, yet possession could not be enforced in favor of the plaintiff except by a decree against it. Where the object of an action or suit is to recover the possession of real or personal property, the one in possession is a necessary and indispensable (and not a formal) party."[12]

Moreover, it is to be noted that here we are dealing with a party who is even more than a mere stakeholder. The special administrator is the official representative of the decedent's estate in Minnesota as to the assets in its possession, and we cannot conceive of

[10]See, Schueller v. Palm, 218 Minn. 469, 472, 16 N. W. (2d) 773, 775.

[11]21 Am. Jur., Executors and Administrators, § 940.

[12]See, also, Murphy v. Johnson (N. D. Tex.) 49 F. (2d) 410, 412.

a suit such as that brought here, the nature of which is in rem, without the special administrator who holds the assets being joined as a party.

Thus the entire action insofar as the in rem aspect of the proceeding is concerned must be dismissed for failure to join an indispensable party. It therefore follows that the district court did not err in dismissing the action as to the nonresident representative Moe.

The order of the district court is affirmed as to the resident defendant Krause in his capacity as representative of the estate insofar as the real estate in Iowa, North Dakota, and Nebraska is concerned, but reversed as to him in his capacity as representative of the estate insofar as the personal property now in the hands of the Olmsted County Bank & Trust Company is concerned.

The order appealed from is affirmed as to the nonresident Moe, although the affirmance in regard to Moe is without prejudice to the right of the district court to hear and consider an appropriate motion to join the special administrator as a party to the action.

Affirmed in part and reversed in part.

UPON APPEAL FROM CLERK'S TAXATION OF COSTS.

On July 1, 1955, the following opinion was filed:

PER CURIAM.

Respondents appeal from the clerk's taxation of costs and disbursements awarded to appellants.

Respondents contend that the disbursement item of $184.50 for printing of the record should be disallowed in part on the ground that the record contained unnecessary, irrelevant, and immaterial matter. See, Supreme Court Rule VIII(5), (222 Minn. xxxiv). We find that this contention is correct. An examination of the printed record discloses that approximately one-third of its content consists of unnecessary, irrelevant, and immaterial matter in violation of Supreme Court Rule VIII(2), (222 Minn. xxxii), which provides *"All matters in the return not necessary to a full presentation of the questions raised by the appeal shall be excluded from the printed record, * * *."* By reason of the unnecessary inclusions in the

printed record a deduction of $61.50 in the amount of the disbursements is ordered. This deduction shall be made by allowing appellants the sum of only $123 for the printing of the record.

With the exception of the $61.50 deduction, the clerk's taxation of costs and disbursements is affirmed.

[1]Reported in 71 N. W. (2d) 177.