Roy DEFOE, Sr., individually and as parent and natural guardian of Antoine (Tony) Defoe, a minor, Raymond D. Dufault, LeRoy Defoe, Respondents,

v.

Richard LAWSON, individually and d/b/a Wabegon Supper Club, and Wabegon, Inc., Appellants.

No. C6–86–453.

Court of Appeals of Minnesota.

July 8, 1986.

Review Denied Sept. 24, 1986.

John G. Fillenworth, Eckman & Fillenworth, Ltd., Thomas F. Sjogren, Duluth, for Roy Defoe, Sr., individually and as parent and natural guardian of Antoine (Tony) Defoe, a minor.

Raymond D. Dufault, pro se.

LeRoy Defoe, pro se.

Harry L. Newby, Jr., Marguerite N. Doran, Newby, Korman, Lingren & Newby, Ltd., Cloquet, for appellants.

Considered and decided by PARKER, P.J., and WOZNIAK, and SEDGWICK, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Richard Lawson and Wabegon, Inc. appeal from an order denying their motion to dismiss for lack of personal jurisdiction. We affirm.

## FACTS

Richard Lawson is a Wisconsin resident and sole shareholder of Wabegon, Inc., a Wisconsin corporation. Wabegon, Inc. is an eating and liquor establishment in Mont du Lac, Wisconsin, which is located on a narrow peninsula of Wisconsin which juts into Minnesota and which is accessible only by travel over Minnesota roads.

Respondent Roy Defoe alleged that in April 1985, Wabegon negligently sold alcoholic beverages to a patron, Raymond Dufault. Roy alleges that Dufault drove into Minnesota where he stopped and offered a ride to Roy's minor son, Tony Defoe. He alleges that soon thereafter, Dufault lost control of his car and rolled over, causing serious injury to Tony.

Roy sued Lawson and Wabegon, Inc., who answered by denying negligence and raising the defense of lack of personal jurisdiction (denying purposeful contacts), and moving for dismissal.

## ISSUE

Do appellants have the requisite minimum contacts with Minnesota to permit Minnesota to exercise personal jurisdiction over them?

## ANALYSIS

Minnesota's long-arm statute has been interpreted as extending personal jurisdiction to the limits of the due process clause of the fourteenth amendment. *Rostad v. On-Deck, Inc.,* 372 N.W.2d 717, 719 (Minn.1985); *Janssen v. Johnson,* 358 N.W.2d 117, 119 (Minn.Ct.App.1984).[1] The due process inquiry requires the satisfaction of two elements: (a) the defendant must have purposefully established minimum contacts within the forum state; (b) the assertion of personal jurisdiction must comport with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz,* — U.S. —, —, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985); *International Shoe Co. v. Washington,* 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945).

For specific jurisdiction, the minimum contacts or "fair warning" requirement is satisfied if the out-of-state defendant has "purposefully directed" his activities at forum residents, *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984), and the alleged injuries "arise out of or relate to" those activities. *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984). Critical to the minimum contacts analysis is whether the defendant's conduct

---

1. "Since we have determined that the legislature intended the statute to have the maximum extraterritorial effect allowed under the due process clause of the federal constitution, the permissibility of an attempted exercise of jurisdiction may be tested by analyzing whether it meets constitutional muster." *Rostad,* 372 N.W.2d at 719.

is such that he should reasonably anticipate being sued in the forum state. *Burger King Corp.,* —— U.S. at ——, 105 S.Ct. at 2183; *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). Where the defendant has established "continuing obligations" with forum residents, *Travelers Health Association v. Virginia,* 339 U.S. 643, 648, 70 S.Ct. 927, 930, 94 L.Ed. 1154 (1950), personal jurisdiction is presumptively reasonable because the defendant has taken advantage of the benefits and protections of the forum's laws. *Burger King Corp.,* —— U.S. at ——, 105 S.Ct. at 2184.

In the present case appellants have purposefully directed their activities at Minnesota residents, and Tony's alleged injuries arose out of or relate to those activities. Appellants operated a bar with the knowledge that virtually every customer traveled over Minnesota roads to get to and leave the bar. They advertised in the Twin Ports Regional Directory ("Off Sale To Midnight 7 Days A Week"), knowing that they were primarily reaching Minnesota residents. Wabegon, Inc. maintains a bank account at the Carlton National Bank in Carlton, Minnesota, and uses a Hibbing, Minnesota linen supplier. Appellants purchase meat and other foods from Minnesota companies, and insurance from a Duluth agent.

From the sum of all these activities, appellants should have reasonably anticipated being sued in Minnesota. Appellants have taken advantage of the benefits and protections of Minnesota laws in their continuing dealings with Minnesota persons and companies.

Appellants' contacts with Minnesota are sufficient to support jurisdiction under the five-factor test adopted by the Minnesota Supreme Court in *Dent-Air, Inc. v. Beech Mountain Air Service, Inc.,* 332 N.W.2d 904, 907 (Minn.1983). Appellants' contacts with Minnesota are numerous. Their nature and quality indicate that appellants purposefully availed themselves of the benefits and protections of Minnesota law. The forum contacts are obviously related to the litigation. Minnesota has a strong interest in providing a forum where a Minnesota resident is injured in Minnesota. Finally, it is more convenient for Roy to litigate in Minnesota.

Appellants have sufficient contacts with Minnesota to support long-arm jurisdiction.

## DECISION

The trial court's order denying appellants' motion to dismiss for lack of personal jurisdiction is affirmed.

Affirmed.