529 N.W.2d 462 (1995)
V.H., Appellant,
v.
The ESTATE OF Bernard F. BIRNBAUM, c/o Personal Representative Cleo Aufderhaar, Respondent.
No. C0-94-1952.
Court of Appeals of Minnesota.
April 4, 1995.
Review Granted May 31, 1995.
*463 James G. Birnbaum, Michael J. Colgan, Davis, Birnbaum, Marcou, Seymour & Colgan, La Crosse, WI, for appellant.
Brian N. Johnson, Sheila T. Kerwin, Popham, Haik, Schnobrich & Kaufman, Ltd., Minneapolis, for respondent.
Considered and decided by KALITOWSKI, P.J., SHORT and MULALLY,[*] JJ.

OPINION
KALITOWSKI, Judge.
V.H. sued the estate of her deceased father for damages arising from alleged sexual abuse occurring when she was a minor child. The district court dismissed the action for lack of personal jurisdiction, concluding that under Minnesota's survival statute V.H.'s cause of action was against the decedent's personal representative, who did not have sufficient contacts with Minnesota to establish personal jurisdiction.

FACTS
Appellant, V.H., is a resident of Minnesota. In her complaint, she alleges that her father, Bernard Birnbaum, sexually assaulted her on at least two occasions between 1958 and 1960, when she was a minor. These incidents allegedly took place in Minnesota, where V.H. resided with Birnbaum. By affidavit, V.H. states Birnbaum resided in Minnesota from 1951 to 1962, and was a party in a divorce action in Minnesota in 1962.
V.H. alleges that she repressed her memories of the sexual abuse until approximately five-and-a-half years before she commenced this lawsuit. She further alleges that she incurred medical expenses and suffered emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life as a result of her father's conduct, and seeks an undetermined amount of damages.
Because Birnbaum was deceased at the time V.H. filed her complaint, service was made against his estate upon his personal representative, Cleo Aufderhaar. Aufderhaar was appointed Birnbaum's personal representative for probate proceedings in Texas and Wisconsin. Aufderhaar is a resident of Texas, where she has resided for the past 44 years (except for 2 years when she lived in Iowa). By affidavit, she asserts that she has never resided, had property, had a telephone or bank account, worked, or conducted business in Minnesota. She also asserts that she *464 has committed no tortious acts within Minnesota and visited Minnesota only briefly on four occasions for nonbusiness reasons. Aufderhaar also states that Birnbaum resided in Texas prior to his death and did not have property or business in Minnesota.
Respondent moved to dismiss for lack of personal jurisdiction and parental immunity. After a hearing, the district court dismissed the action because Birnbaum's personal representative did not have sufficient contacts with Minnesota to establish jurisdiction. V.H. argues that the district court erred in considering the personal representative's contacts with Minnesota, rather than Birnbaum's, in determining the application of Minnesota's long-arm statute.

ISSUES
1. Do statutory grounds exist for asserting personal jurisdiction over Birnbaum's personal representative?
2. Do sufficient minimum contacts exist to establish personal jurisdiction?

ANALYSIS
The parties agree that under Minnesota's survival statute V.H.'s lawsuit survives Birnbaum's death and may be brought against Birnbaum's personal representative, Cleo Aufderhaar. See Minn.Stat. § 573.01 (1992); Midway Nat'l Bank of St. Paul v. Estate of Bollmeier, 504 N.W.2d 59, 63 (Minn.App.1993) ("A cause of action against a decedent survives as against the personal representative of his estate."). They dispute whether Minnesota can assert personal jurisdiction over Aufderhaar, a nonresident, who is being sued in her capacity as Birnbaum's personal representative. The determination of whether personal jurisdiction exists is a question of law, subject to de novo review on appeal. Stanek v. A.P.I., Inc., 474 N.W.2d 829, 832 (Minn.App.1991), pet. for rev. denied (Minn. Oct. 31, 1991), cert. denied, 503 U.S. 977, 112 S.Ct. 1603, 118 L.Ed.2d 316 (1992).

I.
The district court determined that it was appropriate to look at Aufderhaar's Minnesota contacts in determining whether jurisdiction exists. We disagree. We believe the proper focus is on Birnbaum's conduct.
Minnesota's long-arm statute reads:
As to a cause of action arising from any acts enumerated in this subdivision, a court of this state with jurisdiction over the subject matter may exercise personal jurisdiction over * * * any nonresident individual, or the individual's personal representative, in the same manner as if * * * the individual were a resident of this state. This section applies if * * * [the] nonresident individual:

* * * * * *
(c) Commits any act in Minnesota causing injury or property damage
* * * * * *
Minn.Stat. § 543.19, subd. 1 (1994) (emphasis added). Under the plain language of the statute, the nonresident's actions determine whether jurisdiction exists.
Respondent cites two cases for the proposition that jurisdictional analysis shifts to the personal representative's forum contacts in actions against a nonresident decedent's estate. Because these cases address the validity of service of process on a personal representative and not the reach of Minnesota's long-arm statute they are not controlling. See Midway Nat'l Bank of St. Paul, 504 N.W.2d at 64 (judgment not void for lack of service on personal representative because representative submitted to jurisdiction); Wood v. Martin, 328 N.W.2d 723, 726 (Minn. 1983) (service of process ineffective where original service via nonresident motorist statute was made on deceased person and no service on personal representative was effected before statute of limitations ran).
The fact that V.H.'s action requires application of Minnesota's survival statute should not affect the considerations underlying the long-arm statute. The Minnesota Supreme Court has emphasized that the legislature intended the long-arm statute to extend jurisdiction to the limits imposed by the federal constitution. Valspar Corp. v. Lukken Color Corp., 495 N.W.2d 408, 410 (Minn.1992). It thus is appropriate to read the statute as including within its reach the personal representative *465 of a deceased individual. See Hayden v. Wheeler, 33 Ill.2d 110, 210 N.E.2d 495, 497 (1965) (long-arm statute's use of term "personal representative" was intended to include personal representatives of deceased nonresidents).
We conclude that the long-arm statute allows for jurisdiction over a deceased nonresident's personal representative if the nonresident would have been subject to jurisdiction if he or she were alive. Courts in other jurisdictions have reached the same conclusion under similar long-arm statutes. In Crosson v. Conlee, the Fourth Circuit Court of Appeals found Virginia's long-arm statute allowed for jurisdiction over a nonresident executor. 745 F.2d 896, 899-901 (4th Cir.1984), cert. denied, 470 U.S. 1054, 105 S.Ct. 1759, 84 L.Ed.2d 822 (1985). The Crosson court found:
By defining persons subject to the statute to include an executor, the legislature necessarily rejected the possibility that personal jurisdiction might disappear with the fortuitous death of an individual defendant.
Id. at 900. The court found its ruling was consistent with the Restatement (Second) of Conflict of Laws § 358, which permits actions against a foreign executor or administrator if: (1) authorized by local law; and (2) the decedent would have been subject to jurisdiction based on more than simply physical presence in the state. Id. See also Mitsui Mfrs. Bank v. Tucker, 152 Cal.App.3d 428, 199 Cal.Rptr. 517, 519 (1984) ("[t]aking jurisdiction of foreign representatives when their decedents had adequate minimum contacts with the forum has repeatedly been held constitutional"); Gandolfo v. Alford, 31 Conn.Supp. 417, 333 A.2d 65, 69 (Super.Ct.1975) (jurisdiction over foreign executors authorized when the decedent, if alive, would have been subject to jurisdiction); Barr v. MacHarg, 203 Kan. 612, 455 P.2d 516, 521 (1969) (nonresident who commits tortious act in Kansas submits self and administrator of estate, if nonresident dies, to Kansas jurisdiction for any cause of action arising from the tortious act).
Respondent argues that a foreign personal representative cannot be sued in the capacity of representative in jurisdictions other than the state in which appointed. See McAndrews v. Krause, 245 Minn. 85, 90, 71 N.W.2d 153, 157 (1955) ("As a general rule, a foreign representative in [the] capacity as representative of an estate may not be sued in any jurisdiction outside of the state in which he [or she] was appointed."). This argument has been rejected under modern long-arm statutes. See, e.g., Crosson, 745 F.2d at 899-900 (common law doctrine was suited to older, restricted view of personal jurisdiction based on property); Texair Flyers, Inc. v. District Court, First Judicial Dist., 180 Colo. 432, 506 P.2d 367, 371 (1973) (common law rule must yield to legislative enactment under appropriate circumstances, such as when decedent committed tortious conduct in the state).
Our holding is consistent with McAndrews, which relied on an exception to the common law rule. 245 Minn. at 91, 71 N.W.2d at 158. Furthermore, Minn.Stat. § 524.4-302 (1994) demonstrates the legislature's willingness to abrogate the common law rule by subjecting a foreign personal representative to jurisdiction in Minnesota to the extent the decedent was subject to jurisdiction immediately before his or her death.
Because V.H. alleges that Birnbaum caused her injury by sexually abusing her in Minnesota while they were Minnesota residents, Birnbaum's conduct falls within the provisions of the long-arm statute. If Birnbaum were alive, the statute would apply to him. Therefore, we conclude that Minnesota's long-arm statute authorizes jurisdiction over Birnbaum's personal representative. Because we find the long-arm statute applies, we do not address V.H.'s argument that jurisdiction also exists under Minn.Stat. § 524.4-302.

II.
Having determined that the long-arm statute applies, we must next determine whether, in asserting jurisdiction over respondent, due process requirements have been met. The plaintiff bears the burden of proving sufficient minimum contacts exist to satisfy constitutional due process concerns. Hardrives, Inc. v. City of LaCrosse, 307 *466 Minn. 290, 293, 240 N.W.2d 814, 816 (1976). To meet this burden, the plaintiff must make a prima facie showing of sufficient Minnesota contacts in the complaint and supporting evidence, which are to be viewed as true. Id. at 293, 240 N.W.2d at 816. Doubts are resolved in favor of retaining jurisdiction. Id. at 296, 240 N.W.2d at 818.
Minnesota utilizes a five-factor test to determine whether due process requirements are met. Marquette Nat'l Bank of Minneapolis v. Norris, 270 N.W.2d 290, 295 (Minn. 1978). The primary factors are the quantity of contacts, the nature and quality of the contacts, and the nexus between the cause of action and the contacts; secondary factors include the state's interest in providing a forum and the convenience of the forum to the parties. Id. at 295.
The contacts between Birnbaum and Minnesota alleged by V.H. include: (1) two or more alleged acts of sexual abuse while Birnbaum was a Minnesota resident; (2) Birnbaum's residence in the state from 1951 to 1962; and (3) Birnbaum's Minnesota divorce action in 1962. A single transaction connected to the forum state can be sufficient if the cause of action arises from that contact. Id. We conclude that the required nexus between the cause of action and Birnbaum's contacts with Minnesota exists here. Specifically, V.H. claims her injury arises from acts committed by Birnbaum in Minnesota, while he was a Minnesota resident.
The "determinative issue" with regard to the nature and quality of contacts, is whether the nonresident "`purposefully availed'" himself of the "`benefits and protections of Minnesota law.'" Impola v. Impola, 464 N.W.2d 296, 299 (Minn.App.1990) (quoting Dent-Air, Inc. v. Beech Mountain Air Serv., 332 N.W.2d 904, 907 (Minn.1983)). The conduct must be such that the nonresident would "reasonably anticipate being sued in the forum state." Defoe v. Lawson, 389 N.W.2d 757, 758-59 (Minn.App.1986), pet. for rev. denied (Minn. Sept. 24, 1986).
Taking V.H.'s allegations as true, we conclude that when Birnbaum sexually abused his minor child in Minnesota, he could reasonably have expected to be subject to Minnesota's courts for his conduct. See Larson v. Dunn, 460 N.W.2d 39, 44 (Minn.1990) (defendants' participation in abduction and concealment of plaintiff's daughter while Minnesota residents, and use of Minnesota post office in acting as go-between, was such that defendants could reasonably foresee being haled into Minnesota court). Furthermore, Birnbaum's submission to a Minnesota court for his divorce, while an unrelated contact, demonstrates his willingness to accept the benefits and privileges of Minnesota law. See id. (unrelated contacts with Minnesota illustrated further an intent to benefit from Minnesota law).
In light of the nexus between V.H.'s cause of action and the tortious conduct in which Birnbaum allegedly engaged while in Minnesota, we hold that the first three factors weigh in favor of jurisdiction. We note, in addition, that Minnesota has a strong interest in providing a forum for its citizens to redress tortious conduct. See Doe 1-22 v. Roman Catholic Bishop of Fall River, 509 N.W.2d 598, 601-02 (Minn.App.1993). Although Aufderhaar complains of the inconvenience of defending an action in Minnesota, we conclude the convenience factor does not weigh heavily in either party's favor. Further, as the court noted in Hardrives, Inc., convenience should not be a controlling factor because a plaintiff has some rights in choosing a forum. 307 Minn. at 299, 240 N.W.2d at 819.
Respondent argues unfairness in having to defend this action because of the passage of time and remoteness of the alleged incidents. We do not find this argument to be determinative. See Doe 1-22, 509 N.W.2d at 600 (action allowed to proceed in 1993 although alleged acts of sexual molestation occurred in 1969 and 1970); Stanek, 474 N.W.2d at 835 (due to "insidious and long-term effects" of asbestos, remoteness of company's asbestos sales did not detract from quality of contacts). In addition, we note the legislature has enacted legislation to allow a plaintiff to bring an action within six years of the time the plaintiff knows or should know he or she was injured by sexual abuse. Minn.Stat. § 541.073. This legislation reflects a policy allowing such actions even though a defendant *467 may be prejudiced by the fact that a considerable delay can occur between the alleged abuse and recognition of the injury.
We conclude that asserting jurisdiction over Birnbaum does not violate due process. Because Birnbaum would be subject to this state's jurisdiction if he were alive, Aufderhaar, as his personal representative, is subject to Minnesota jurisdiction.

DECISION
The district court erred in considering Aufderhaar's Minnesota contacts rather than Birnbaum's and in dismissing V.H.'s action for lack of personal jurisdiction. The district court's decision is reversed and this matter is remanded for further proceedings.
Reversed and remanded.
NOTES
[*] Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.