**Darrin GILES, Appellant,**

v.

**David S. GAGEBY, Trustee for Emma Ruth Gageby, Deceased, Respondent.**

**No. C7–97–2272.**

Court of Appeals of Minnesota.

June 9, 1998.

for lack of jurisdiction of his specific performance action against a Minnesota resident who, in his capacity as a Florida personal representative, agreed in Minnesota to sell to appellant Florida real property owned by a Florida resident at her death. We conclude that the Minnesota court has subject matter and personal jurisdiction, and we reverse.

## FACTS

Respondent is a Minnesota resident who was appointed in Florida to serve as personal representative of his deceased mother's estate. Decedent was a Florida resident at her death and one of her assets was a parcel of real property in Florida. There is no ancillary administration in Minnesota.

On July 9, 1997, in Minnesota, respondent, acting in his representative capacity, signed a contract to sell the decedent's Florida real estate. On July 18, 1997, appellant signed that contract as purchaser before a Washington County, Minnesota, notary public.

Respondent's attorneys set two successive closing dates in Florida but appellant failed to attend either one. Respondent then cancelled the contract because of appellant's nonperformance. Appellant sued respondent as the personal representative in Minnesota seeking the alternative remedies of specific enforcement of the contract or damages. Respondent brought a Minn. R. Civ. P. 12.02 motion to dismiss for lack of jurisdiction. The district court granted the motion and dismissed the lawsuit without prejudice.

William E. Macklin, Nord, Macklin & Meinerts, P.A., Lance J. Johnson, Lakeville, for appellant.

William G. Clelland, Minneapolis, for respondent.

Considered and decided by SHUMAKER, P.J., and HUSPENI and SCHUMACHER, JJ.

## OPINION

SHUMAKER, Judge.

Appellant vendee appeals the district court's dismissal under Minn. R. Civ. P. 12.02

## ISSUE

Does the Minnesota district court have personal and subject matter jurisdiction over a Minnesota resident who, acting as personal representative of a Florida estate, enters into a contract in Minnesota with another Minnesota resident to sell Florida real property owned by a Florida resident at the time of her death?

## ANALYSIS

Whether the courts of this state have jurisdiction over a lawsuit is a question of law which we review de novo. *Cohen v. Little*

*Six, Inc.,* 543 N.W.2d 376, 378 (Minn.App. 1996).

This case requires us to decide whether Minnesota courts can grant specific performance as to real estate in foreign jurisdictions; and, if so, whether Minnesota courts have jurisdiction to grant such a remedy against a foreign personal representative.

Specific performance is an equitable remedy. *Flynn v. Sawyer,* 272 N.W.2d 904, 910 (Minn.1978). As against a vendor of real estate, the purpose of the remedy is to compel the vendor to comply with the sale contract by the execution and delivery of the appropriate deed. *State ex rel. D.S.B. Johnston Land Co. v. District Court of Pennington County,* 138 Minn. 336, 338, 164 N.W. 1014, 1014 (1917). An action for specific performance "is personal in its essential particulars and in rem only incidentally * * * ." *Id.* Personal actions are transitory and need not be tried in the place where the land is located but may be tried where the parties reside. *Id.*

Minnesota courts may, in appropriate circumstances, compel the conveyance of real estate located in other states. *Pavelka v. Pavelka,* 116 Minn. 75, 78, 133 N.W. 176, 177 (1911). The supreme court held in that case:

> [t]he fact that the real estate is situated beyond the jurisdiction of the court does not prevent it from acting in personam and commanding, with reference thereto, its own citizens, of whom it has jurisdiction, whenever it is necessary to enable the court to do justice between the parties before it.

*Id.*

The general rule at common law was that a personal representative of a decedent's estate could be sued in his or her representative capacity only in the jurisdiction of appointment. *McAndrews v. Krause,* 245 Minn. 85, 71 N.W.2d 153, 157 (1955). The long-arm statute has superseded that rule, however; and if a foreign personal representative does an act specified by the statute, jurisdiction attaches in Minnesota. *V.H. v. Estate of Birnbaum,* 543 N.W.2d 649, 655 (Minn.1996). The transaction of business in Minnesota is a jurisdictional act specified by the statute. Minn.Stat. § 543.19 (1996).

Because respondent is a Minnesota resident, this is not precisely a long-arm action. The long-arm rationale logically applies nevertheless. If a nonresident personal representative of a foreign estate who does business in Minnesota in a representative capacity subjects himself to Minnesota jurisdiction, it follows that a resident personal representative subjects himself to Minnesota jurisdiction in the same manner. *See* Minn. Stat. § 543.19, subd. 1(b) (1996) (transacting business in this state subjects the individual to personal jurisdiction of this state). As further evidence of the abandonment of the common law restriction on actions against personal representatives, Minn.Stat. § 524.4–301(3) (1996), in the probate code, allows Minnesota courts to obtain jurisdiction over a foreign personal representative who "does any act as a personal representative in this state, which would have given the state jurisdiction over [the personal representative] as an individual." The district court's reliance on dicta in *O.W. Kerr Co. v. Nygren,* 114 Minn. 268, 130 N.W. 1112 (1911), was reversible error. *See State ex rel. Foster v. Naftalin,* 246 Minn. 181, 208, 74 N.W.2d 249, 266 (1956) (dicta "not binding in subsequent cases.")

## DECISION

A vendee's action for specific performance of a contract for the sale and purchase of real estate is essentially in personam and transitory. Therefore, it need not be brought in the jurisdiction of the situs of the land. If the vendor is a Minnesota resident who enters the contract in Minnesota, he subjects himself to the jurisdiction of the Minnesota courts even though he is acting solely in his capacity as personal representative of a foreign estate and the land is an asset of that estate.

**Reversed.**