JAMES E. THOMAS v. A. MURPHY.[1]

November 7, 1902.

Nos. 13,212—(64).

**Fraud—Concealment of Fact.**

> If a party conceals a fact material to the transaction, and peculiarly within his own knowledge, knowing that the other party acts on the presumption that no such fact exists, it is as much of a fraud as if the existence of such fact were expressly denied, or the reverse of it expressly stated.

**Action on Check.**

> Rule applied, and *held*, that the findings of fact herein are sustained by the evidence, and that they sustain the conclusion of law to the effect that the check which is the subject-matter of this action was obtained from the defendant by fraud.

Action in the municipal court of Minneapolis to recover $125, and interest, upon a check. The case was tried before Holt, J., who found in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Fred W. Reed,* for appellant.

*P. W. Guilford,* for respondent.

START, C. J.

Action upon a check for $125, drawn by the defendant in favor of the plaintiff. The answer admitted the making of the check, and alleged as a defense a failure of the consideration therefor, and that it was procured by fraud, setting forth the alleged facts

[1] Reported in 91 N. W. 1097.

in detail. The cause was tried by the court without a jury, and the plaintiff appealed from an order denying his motion for a new trial.

The here material facts found by the trial court are substantially these: Prior to June 1, 1900, the defendant, who then was the owner of certain lots in South Dakota, described in the amended answer herein, agreed with T. J. Cairns to trade the same to him for certain mortgages on land in Kansas. There was a mortgage of $400 on the defendant's lots, and he was to receive back a second mortgage on the lots for $200. There was some defect in the title to the lots, and thereupon the defendant's deed of the lots, wherein the plaintiff's name was inserted as grantee, was, with the Kansas mortgages, placed in the hands of the plaintiff, who executed a receipt therefor, which not only acknowledged the receipt of the deed and mortgages from the defendant and Cairns, respectively, but also contained this stipulation:

"It is hereby agreed that all of said papers are to remain in escrow in my hands until the title to the above-described Moody county, South Dakota, real estate shall have been made satisfactory, and the mortgage indebtedness against said property adjusted at $600, and until the interest of J. E. Thomas, trustee for D. Lewis, amounting to the sum of $200, shall have been satisfied, then the mortgages herein described shall be delivered to said A. Murphy."

Thereafter some disagreement occurred in regard to the trade between Cairns and defendant, and the latter refused to carry out the same, claiming that the mortgages were worthless. Finally, on October 26, 1901, plaintiff, defendant, and Cairns came to an agreement, whereby, in consideration of $125, to be paid by defendant to plaintiff, the latter was to assign and deliver to defendant the mortgages and convey the lots in Dakota to Cairns, and Cairns was to convey the same to defendant. Pursuant to this agreement, defendant delivered, on October 26, 1901, the check described in the complaint, and in consideration thereof plaintiff assigned and delivered to defendant the mortgages, and also assumed to convey the lots in Dakota by deed of quitclaim to Cairns, and drew a deed of warranty conveying the lots from

Cairns to defendant, which deed was then executed by Cairns, and the deeds were then and there, as part of the same transaction, delivered by the respective grantors to the respective grantees therein.

On July 18, 1901, the plaintiff and his wife, in consideration of $225 cash paid by one J. Q. Adams to him, and in consideration of legal services of the value of about $200 rendered by Adams for and at the request of plaintiff, sold and conveyed the lots in Dakota by quitclaim to Adams, which deed was duly recorded in the office of the register of deeds of the county wherein said lots were situated, on July 31, 1901, that such sale and conveyance was so made by plaintiff without the knowledge or consent of defendant or Cairns, and that neither the defendant nor Cairns on October 26, 1901, when said check was delivered, knew that plaintiff had sold or conveyed lots in Dakota. If defendant had known of such conveyance, he would not have entered into the agreement of October 26, 1901, and would not have delivered the check. Plaintiff's conveyance of the lots without informing defendant thereof, was a fraud practiced on defendant. The Dakota lots were, on June 1, 1900, and during all the time up to and including October 26, 1901, worth more than $500 over and above the mortgage of $400 on them at the time the deed was left with plaintiff. Upon these facts the trial court found as a conclusion of law that the plaintiff take nothing by his action, for the reason that by the fraud so practiced on the defendant he had suffered damages in a greater sum than the plaintiff's claim.

1. The plaintiff's first contention is that the findings of fact do not support the defense of fraud nor the conclusion of law of the trial court, for the reason that there is no finding that the plaintiff made any false representation, or that the defendant relied upon any representation of the plaintiff in parting with the check. It is true that the plaintiff did not directly state that he had not conveyed the lots to a third party, nor did the defendant ask him if he had done so. But the findings show that the plaintiff held the deed and mortgages in escrow, and agreed to convey the lots back to the defendant in settlement of the controversy between the parties by conveying the lots by quitclaim deed to Cairns,

who should at once convey them by warranty deed to defendant. This was an indirect representation by the plaintiff that he had not parted with the title to the lots. He knew, when the deeds were made and delivered to the defendant and the check received, that he had already conveyed the lots to a third party; that the defendant was ignorant of that fact, and would not have parted with his check if he had known it. It does not lie in his mouth to say that the transaction was an innocent one on his part, and the defendant remediless because he assumed that the plaintiff was an honest man, and refrained from impugning his honor by asking him if he had not already betrayed his trust by conveying the lots to a third party.

If the findings are true in fact (the plaintiff claims that they are not), they show that the plaintiff secured the check from the defendant by a gross fraud, and it would be a reproach to the administration of justice if the court failed to find some legal way to right the wrong. There is no difficulty in doing so, for the facts found bring the case within the rule that, if a party conceals a fact material to the transaction, and peculiarly within his own knowledge, knowing that the other party acts on the presumption that no such fact exists, it is as much a fraud as if the existence of such fact were expressly denied, or the reverse of it expressly stated. Kerr, Fraud & M. 94. The plaintiff must have known that the defendant, in parting with his check, was justifiably, but mistakenly, acting upon the belief that no change had been made in the title to the lots since his deed and the mortgages were deposited in escrow with the plaintiff; and, so knowing, his concealment of the fact was just as much of a fraud as if he had expressly represented that he had not previously conveyed the lots. The fact that the plaintiff's deed to Adams was then on record in South Dakota does not affect the question of plaintiff's fraud, for the defendant had a right to rely upon the facts as they appeared to be at the time of the transaction. The findings of fact sustain the court's conclusion of law.

2. It is further urged that there is a fatal variance between the defense found by the trial court, and the one pleaded in the answer, and, further, that the court had no jurisdiction of the

defense alleged. It appears from the allegations of the answer, which were denied by the reply, that the defendant had sustained damages by the alleged fraud in an amount exceeding the juris-diction of the municipal court. It is a sufficient answer to both claims that the record does not show that either objection was made on the trial. The defense established by the findings of fact is concededly within the jurisdiction of the court, and, if the findings are in any material respect a departure from the issues made by the pleadings, it will be presumed, in the absence of any objection on the trial as to the pleadings, that the parties voluntarily litigated the issues passed upon by the findings. Having done so, they are bound by the result. Bassett v. Haren, 61 Minn. 346, 63 N. W. 713; Lyons v. City of Red Wing, 76 Minn. 20, 78 N. W. 868.

3. It is further urged that the findings are not sustained by the evidence. We are of the opinion that the findings are fairly sustained by the evidence, although it was conflicting, and possibly the preponderance thereof was in favor of the plaintiff. Therefore we cannot disturb them.

4. The other assignments of error have been considered, and found to be without merit.

Order affirmed.