CHARLES V. BOND v. ERLING O. JOHNSON AND OTHERS.

132 N. W. (2d) 744.

January 22, 1965—No. 39,437.

Whitney E. Tarutis, for appellant.

Walter F. Mondale, Attorney General, and Linus J. Hammond, Assistant Attorney General, for respondents.

FRANK T. GALLAGHER, C.

Action for recovery of certain pension payments allegedly owed by defendants and for a declaratory judgment as to plaintiff's right to such payments or, in the alternative, for damages for fraud and deceit in withholding such payments. The court granted defendants' motion for summary judgment. Plaintiff appeals from the judgment.

With the exception of 2 years, plaintiff taught school from 1902 to 1930 in Minnesota public schools outside cities of the first class. About September 21, 1917, he became a member of the Teachers' Insurance and Retirement Fund created by L. 1915, c. 199. He contributed annually and was thereby entitled to a pension of up to $440 per year. About June 1, 1930, he retired from teaching in public schools outside a city of the first class. He applied for a retirement pension and was granted a pension of $55 per quarter year. He received this until about January 26, 1931.

In January 1931 he began substitute teaching in the St. Paul public schools. He was not paid a pension for the periods he taught. From

January 1933 until March 7, 1945, he taught under contract in the schools of St. Paul, a city of the first class, and during that time he received no annuity from the fund. On March 14, 1945, according to defendants' brief he wrote the State Teachers Retirement Fund requesting that he be reinstated on the pension register, but this letter does not appear in the record. In any event June 7, 1963, was the first time according to the record that plaintiff demanded the pension payments which he thought he should have received while teaching from 1933 to 1945. On June 17, 1963, defendant Board of Trustees rejected this request on the basis of an attorney general's opinion.

We are not here concerned with plaintiff's right to pension payments since 1945 but only with plaintiff's right to pension payments for the period from 1933 to 1945. Plaintiff alleges that the retirement benefits for that period vested in him by virtue of L. 1915, c. 199.[1] The applicable statute of limitations in such an action is Minn. St. 541.05, which provides in part:

"The following actions shall be commenced within six years:

\* \* \* \* \*

"(2) Upon a liability created by statute, other than those arising upon a penalty or forfeiture \* \* \*."

In the instant case it is clear that plaintiff did not commence his action within the statutory time allowance. He waited over 30 years after defendants first suspended his payments and over 18 years since he ceased *all* teaching before bringing this action.

---

[1]L. 1915, c. 199, § 9, sets up an annuity schedule but goes on to say: "Any person retiring under the provisions of this section may return to the work of teaching *in said public schools,* but during said term of teaching the annuity or benefit paid to such person shall cease. Said annuity shall again be paid to such person upon his or her further retirement." (Italics supplied.)

Section 15 of the same act provides: "This act shall not apply to any city of the first class in this state."

Plaintiff argues that § 15 modifies § 9 so that the term "said public schools" in § 9 does not include public schools in cities of the first class. In view of our decision that the statute of limitations bars plaintiff's action, we need not consider this point.

Plaintiff contends, however, that the statute of limitations was tolled because of fraud on the part of defendants in that by refusing to pay plaintiff his pension defendants represented that the law did not entitle him to payment. Plaintiff claims that this fraud was only recently discovered. We have examined plaintiff's claim in this respect and find no misrepresentations that would be actionable. Therefore, the statute of limitations for fraud has no application here.

Affirmed.