Joel T. PEDERSON, Appellant,

v.

The AMERICAN LUTHERAN CHURCH, f.k.a. The Evangelical Lutheran Church, et al., Respondents.

No. C7-86-2048.

Court of Appeals of Minnesota.

May 5, 1987.

Review Denied June 30, 1987.

Michael J. McNamara, Wersal & McNamara, P.A., Minneapolis, for appellant.

Hubert V. Forcier, John W. Haine, Faegre & Benson, Minneapolis, for respondents.

Heard, considered and decided by NIERENGARTEN, P.J., and PARKER and FOLEY, JJ.

## OPINION

FOLEY, Judge.

This appeal is from a judgment dismissing a complaint filed by appellant Joel T. Pederson against respondents American Lutheran Church, f.k.a. The Evangelical Lutheran Church, and others (Church) to recover pension benefits allegedly due him. We affirm.

## FACTS

Pederson was a minister of the Church from 1952 until 1963, when he was removed from the clergy roster after accepting positions with two independent Lutheran congregations. While in the Church's service, he had participated in its pension plan. Following his removal from the roster, Pederson sought to recover from the plan both his individual contributions and the contributions that had been made by his congregations. In March 1964, he received only his personal contributions.

In June 1986, he commenced this action to recover the congregations' contributions of $2,966.88. The Church did not file an answer and moved to dismiss the complaint under Minn.R.Civ.P. 12 on the ground that the statute of limitations barred Pederson's claim. In its supporting memorandum, the Church argued that dismissal was appropriate "because it is apparent from the face of the complaint that [Pederson] has failed to state a claim upon which relief can be granted." Pederson thereafter moved for summary judgment.

Following a hearing, the trial court granted the Church's motion to dismiss, denied Pederson's motion for summary judgment, and denied the parties' motions for attorneys' fees. In its accompanying memorandum, the court indicated that it had treated the motion to dismiss as a motion under Minn.R.Civ.P. 12.03 for judgment on the pleadings. Pederson appeals.

## ISSUE

On its face, does the complaint show that the claim for contributions is barred by the statute of limitations?

## ANALYSIS

On motions to dismiss under Minn.R. Civ.P. 12.02, a court may not go outside the pleadings, and all assumptions made and inferences drawn must favor the party against whom dismissal is sought. *See Northern States Power Co. v. Franklin*, 265 Minn. 391, 122 N.W.2d 26 (1963). Pederson asserts that the trial court committed reversible error when it considered matters outside the pleadings (an affidavit filed by a Church employee in reply to Pederson's motion for summary judgment) and when it misinterpreted a paragraph contained in the complaint. We disagree. The Church correctly emphasizes that these errors, if any, are largely irrelevant because on appeal this court need not defer to a lower court's assessment or interpretation of documentary evidence such as a complaint. *See In re Trust Known as Great North-*

*ern Iron Ore Properties*, 308 Minn. 221, 243 N.W.2d 302 (1976).

Motions under rule 12.02(5), for failure to state a claim upon which relief can be granted, test only the legal sufficiency of the pleadings. D. Herr & R. Haydock, 1 *Minnesota Practice* § 12.9 (2d ed. 1985) (hereinafter cited as Herr). Technically, the trial court in this case was incorrect in treating this as a motion for judgment on the pleadings under rule 12.03 because no answer had yet been filed. Nonetheless, we may independently review the sufficiency of the complaint under rule 12.02(5) and determine on its face whether it is barred by the statute of limitations. *Cf. A.J. Chromy Construction Co. v. Commercial Mechanical Services, Inc.*, 260 N.W.2d 579, 582 (Minn.1977) (reviewing court is not bound by conclusion of law involving application of statute to undisputed set of facts).

Prior to adoption of the current rules of civil procedure, Minnesota courts held that where pleaded facts established that a claim was barred by the statute of limitations and no facts were pleaded to forestall its operation, the complaint was demurrable as failing to state a cause of action. *Schueller v. Palm*, 218 Minn. 469, 473, 16 N.W.2d 773, 775 (1944); *Parsons v. Town of New Canada*, 209 Minn. 129, 130, 295 N.W. 907, 908 (1941). The demurrer was replaced by the motion to dismiss for failure to state a claim under rule 12.02(5). Herr, *supra* § 12.9, at 260–61. Unlike a demurrer, a rule 12.02(5) motion will rarely be granted because pleadings under the current rules have minimal formal notice requirements and are liberally interpreted. Herr, *supra* § 12.9, at 260–61.

■ In this case, dismissal was proper under rule 12.02(5) only if it clearly and unequivocally appears from the face of the complaint that the statute of limitations has run and only if the complaint contains no facts to toll that running. Annotation, 61 A.L.R.2d 300, 324–27 (1958). Pederson's complaint alleges that he was improperly removed from the clergy roster in 1963, that following his removal he sought to recover his personal contributions *and* the

congregations' contributions, and that the Church "improperly retained" the congregations' contributions. Although the complaint sets out seven separate counts or "causes of action," all sound in contract and are based on his allegations that a breach occurred when the Church refused to pay him the congregations' contributions.

■ The trial court properly noted that the longest limitations period that could possibly apply to Pederson's claim is six years under Minn. Stat. § 541.05, subd. 1(1), (5) or (7) (1984). A cause of action for breach of contract accrues at the time of the alleged breach. *Juster Steel v. Carlson Co.*, 366 N.W.2d 616, 617–18 (Minn. Ct.App.1985). From the face of the complaint in this case, it is clear that Pederson's cause of action accrued when the congregations' contributions were withheld in 1963 or 1964.

■ Pederson claims in his brief that he was unaware of the breach until 1982, when he received a letter from the Church denying his request for benefits. Ignorance of a cause of action not involving continuing negligence or fraud on the part of the defendant does not toll the accrual of a cause of action. *Dalton v. Dow Chemical Co.*, 280 Minn. 147, 153, 158 N.W.2d 580, 584 (1968). The complaint in this case presents no facts or allegations of continuing negligence or fraud. While it does assert estoppel and "unconscionable conduct," facts allegedly supporting those theories relate solely to Pederson's claim that he was wrongfully removed from the clergy roster, not to any misrepresentation by the Church as to recovery of these amounts only upon retirement. *See Bond v. Johnson*, 270 Minn. 179, 132 N.W.2d 744 (1965) (supreme court rejected former teacher's fraudulent concealment arguments which were based on his claim that by refusing to pay him pension benefits, defendants had represented to him that the law did not entitle him to payment).

Affirmance of the trial court in this case does not imply that in the future every complaint must allege facts to overcome a statute of limitations defense prior to the

filing of an answer. The statute of limitations is still an affirmative defense that must be specially pleaded. Minn.R.Civ.P. 8.03. In this case, however, Pederson waited over 23 years to pursue his claim; it is not unreasonable to require that he anticipate the raising of a statute of limitations defense. Nor is it unreasonable to require that facts to support a possible tolling of the limitations period appear on the face of the complaint. Had facts of fraudulent concealment existed, Pederson easily could have moved to amend his complaint to include those facts.

 Finally, Pederson claims that the trial court committed reversible error when it failed to address his motion for summary judgment. *See* Herr, *supra* § 56.9 at 59 (under Minn.R.Civ.P. 56.01, a plaintiff is entitled to bring a summary judgment motion following a defendant's motion to dismiss pursuant to Minn.R.Civ.P. 12). Dismissal of his complaint under rule 12 rendered consideration of his summary judgment motion moot. As a matter of law, the Church was entitled to judgment because Pederson's claim is barred by the statute of limitations.

### DECISION

Affirmed.