SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation, Appellant,

v.

DAIN BOSWORTH INCORPORATED, a Delaware corporation, Respondent.

No. C1-94-2317.

Court of Appeals of Minnesota.

May 16, 1995.

Review Denied July 20, 1995.

**OPINION**

RANDALL, Judge.

### FACTS

The city of Minneapolis and the Minneapolis Community Development Agency each issued revenue bonds in 1983 to finance the renovation of a factory into a design center and furniture mart. The facility was named International Market Square (IMS). Dain was the co-underwriter of these bonds. The 1983 bonds went into default.

The IMS Developers wanted to refinance these bonds. The IMS Developers and Dain sought to issue "refunding" bonds that would be insured by a third party, called a credit enhancer. Dain solicited potential credit enhancers by sending background information regarding the IMS project to financial institutions and insurance companies, including Safeco Insurance Company of America.

Safeco examined the IMS project. Safeco had its own surety bond credit analysts investigate the transaction and Safeco conducted its own underwriting analysis. Shenehon & Associates, Inc. (Shenehon) and Robert Strachota prepared an appraisal of the IMS project. After a period of negotiation, during which Dain and Safeco were represented by separate legal counsel, the parties consummated a refinancing transaction.

In the agreement, the City of Minneapolis issued $9.77 million worth of Commercial Development Revenue Refunding Bonds on August 21, 1989, and $9.73 million of Commercial Development Refunding Bonds on October 2, 1989. Safeco provided credit enhancement, and in return for $1.5 million in premiums over five years, Safeco provided surety bonds which guaranteed payment on the 1989 refunding bonds if the IMS Developers defaulted, which they did.

Safeco was called on to guarantee payment and has done so. Safeco then commenced suit against Shenehon, Strachota, Dain, and the IMS Developers. Safeco alleged mal-

Robert L. Meller, Jr., Sarah C. Madison, Best & Flanagan, Minneapolis, B. David Thomas, pro hac vice, Bellevue, WA, for appellant.

Lawrence C. Brown, Robert L. Schnell, Jr., Jeffrey D. Hedlund, Karen E. Wilson, Faegre & Benson, P.L.L.P., Minneapolis, for respondent.

Considered and decided by DAVIES, P.J., and RANDALL and MULALLY,* JJ.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-

pointment pursuant to Minn. Const. art. VI, § 10.

practice and negligent misrepresentation against Shenehon and Strachota. Safeco alleged negligent misrepresentation and intentional fraud against Dain. Safeco settled its claims against the IMS Developers and those issues are not before us.

Dain moved for summary judgment on the negligent misrepresentation claim. Dain argued that Safeco failed to raise genuine issues of material fact supporting such a claim. Dain also moved to dismiss the intentional fraud claim for failure state a claim upon which relief could be granted and for failure to plead fraud with particularity.

The district court granted Dain's motion for summary judgment on the negligent misrepresentation claim, concluding Dain did not owe a duty to Safeco beyond honesty. The district court also concluded that Safeco did not reasonably rely on Dain. The district court dismissed Safeco's intentional fraud claim, concluding Safeco did not plead fraud with sufficient particularity, but allowed Safeco to file an amended complaint on its intentional fraud claim.

Safeco moved for relief from judgment, but the district court denied this motion. Safeco then filed its notice of appeal, addressing the district court's entry of summary judgment against it on the negligent misrepresentation claim, and the district court's order denying relief from judgment. Dain moved to strike portions of Safeco's brief on appeal, arguing they were outside the record.

## ISSUES

1. Are there genuine issues of material fact surrounding whether Dain owed a legal duty to Safeco for purposes of a negligent misrepresentation tort? Did the district court correctly apply the law?

2. Did the district court abuse its discretion in denying Safeco's motion for relief from judgment?

3. Are documents submitted with Safeco's motion for relief from judgment outside the record on appeal?

## ANALYSIS

■ On appeal from summary judgment, the reviewing court must determine whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *See State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn. 1990). A motion for summary judgment shall be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that "there is no genuine issue of material fact and that either party is entitled to judgment as a matter of law." *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993). The reviewing court must view the evidence in the light most favorable to the party against whom judgment was granted. *Id.*

### 1. Negligent Misrepresentation

■ Persons making representations are negligent when they have not discovered or communicated certain information that the ordinary person in his or her position would have discovered or communicated. *Florenzano v. Olson,* 387 N.W.2d 168, 174 (Minn. 1986). Proof of the subjective state of the misrepresenter's mind is not needed to prove negligence. *Id.* Negligence is proved by measuring the misrepresenter's conduct against an objective standard of reasonable care. *Id.*

■ In Minnesota, one making representations is held to this duty of care when supplying information for the guidance of others in the course of a transaction in which one has a pecuniary interest, or in the course of one's business, profession or employment. *Id.; accord L & H Airco, Inc. v. Rapistan Corp.,* 446 N.W.2d 372, 378 n. 2 (Minn.1989). This definition of negligent misrepresentation parallels that of the Restatement (Second) of Torts § 552.[1] *Bonhiver v. Graff,* 311

---

**1.** The Restatement definition of negligent misrepresentation states:

(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Minn. 111, 121–22, 248 N.W.2d 291, 298–99 (1976).

■ In *L & H Airco,* the supreme court stated:

> Under general concepts of tort law, "duty" is defined as an " 'obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another.' "

446 N.W.2d at 378 (quoting *Rasmussen v. Prudential Ins.,* 277 Minn. 266, 268, 152 N.W.2d 359, 362 (1967), which in turn quoted Prosser, Torts § 53 (3d ed. 1964)). The essential question in determining whether a defendant owes a duty is "whether the plaintiff's interests are entitled to legal protection against the defendant's conduct."

Dain argues that it did not owe a duty to Safeco because they were both sophisticated parties negotiating a deal at "arm's length," and that there was no "special relationship" between them justifying such a duty. Dain also argues that under the language of the Restatement, it was not supplying information for the "guidance" of Safeco.

This is a case of first impression in Minnesota. While Minnesota cases have discussed negligent misrepresentation, and laid out circumstances where some parties have owed a duty to certain plaintiffs, they have not squarely addressed the issue here. *See, e.g., M.H. v. Caritas Family Servs.,* 488 N.W.2d 282, 288 (Minn.1992) (holding that adoption agency could owe a duty to prospective parents); *L & H Airco,* 446 N.W.2d at 379 (holding that an attorney does not owe a duty to the client's adversary); *Florenzano,* 387 N.W.2d at 174–75 (holding that an insurance agent does owe a duty to his or her client); *Bonhiver,* 311 Minn. at 123, 248 N.W.2d at 299 (holding that an accounting firm could be liable for negligent misrepresentations it made in its work papers regarding its client); *Baker v. Surman,* 361 N.W.2d 108, 111

(Minn.App.1985) (holding that an FHA appraiser only owes a duty to the federal government, and not to a prospective home buyer).

Other jurisdictions have addressed this issue and held that where adversarial parties negotiate at arm's length, there is no duty imposed such that a party could be liable for negligent representations. In these situations, the injured party's remedy is to sue either in contract or to sue for intentional misrepresentation. We conclude, based on the undisputed facts of this case, that Dain did not owe a duty to Safeco beyond honesty. We affirm the district court's grant of summary judgment on Safeco's negligent misrepresentation claim. Our decision has no bearing on the merits of Safeco's unlitigated claim for intentional fraud.

Iowa has addressed the area of negligent misrepresentation and section 552. Iowa courts distinguish

> misrepresentations made by persons engaged in the business or profession of supplying guidance to others from misrepresentations made during commercial transactions where the parties are dealing at arm's length.

*Freeman v. Ernst & Young,* 516 N.W.2d 835, 838 (Iowa 1994); *accord Meier v. Alfa–Laval, Inc.,* 454 N.W.2d 576, 581 (Iowa 1990).

The Iowa courts based their conclusions in part on a law review article by Alfred Hill differentiating between a person engaged in the business or profession of supplying guidance to others and those engaged in commercial transactions at arm's length. *See Meier,* 454 N.W.2d at 581 (citing Alfred Hill, *Damages for Innocent Misrepresentation,* 73 Colum.L.Rev. 679, 685–86 (1973)).

The Iowa Supreme Court has applied this analysis to loan guarantees, which are analogous to the situation between Safeco and

(2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered

(a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and

(b) through reliance upon it in a transaction that he intends the information to influence or

knows that the recipient so intends or in a substantially similar transaction.

(3) The liability of one who is under a public duty to give the information extends to loss suffered by any of the class of persons for whose benefit the duty is created, in any of the transactions in which it is intended to protect them.

Restatement (Second) of Torts § 552 (1977).

Dain. *Haupt v. Miller*, 514 N.W.2d 905, 910 (Iowa 1994). The Iowa Supreme Court held that the defendant bank had no duty for purposes of negligent misrepresentation because it was not supplying information for the guidance of the guarantor, but was rather negotiating with the guarantor as part of a commercial transaction. *Id.* Further, applying Iowa law, the Eighth Circuit Court of Appeals concluded that parties to a business merger deal did not have a duty for purposes of negligent misrepresentation. *See Budget Mktg., Inc. v. Centronics Corp.*, 927 F.2d 421, 428–29 (8th Cir.1991).

The Oregon Supreme Court has also addressed this issue and held that where parties negotiate a commercial transaction at arm's length, there is no duty for purposes of negligent misrepresentation. *Onita Pac. Corp. v. Trustees of Bronson*, 315 Or. 149, 843 P.2d 890, 897 (1992). In *Onita*, the Oregon Supreme Court stated that professionals such as attorneys, engineers, architects, real estate brokers, and primary insurers owe a duty for purposes of negligent misrepresentation, but that "adversarial parties negotiating at arm's length to further their own economic interests" do not owe such a duty. *Id.* 843 P.2d at 896–97.

The Oregon court explained its view that allowing actions for negligent misrepresentation by adversarial parties to commercial transactions would contravene the law of contracts, and that "[a]rguably, permitting damages for negligent misrepresentation in arm's-length transactions would encourage contracting parties *not* to draft complete, integrated contracts." *Onita*, 843 P.2d at 898 (emphasis in original).

The Illinois Supreme Court has also limited actions for negligent misrepresentation to situations where "one who is in the business of supplying information for the guidance of others in their business transactions makes negligent misrepresentations." *Moorman Mfg. v. National Tank*, 91 Ill.2d 69, 61 Ill. Dec. 746, 755, 435 N.E.2d 443, 452 (1982). Because the defendant was not supplying information for the guidance of others, there was no duty for purposes of negligent misrepresentation. *Id.*

Although Dain is generally in the business of supplying information for the guidance of its clients, here Safeco is not alleging that it was Dain's client. Rather, Safeco was acting as a credit enhancer, and this situation is analogous to the loan guarantee in the Iowa case. *See Haupt*, 514 N.W.2d at 910. Because Dain was selling a deal to Safeco, and not supplying information for the guidance of Safeco, and because they were sophisticated equals negotiating a commercial transaction, Dain did not owe Safeco a duty for purposes of a negligent misrepresentation tort threshold.

Safeco argues that even if the district court correctly stated the law regarding duty, there remain genuine issues of material fact that preclude summary judgment. Safeco argues that there are material fact issues regarding whether it and Dain had a special relationship and whether they were negotiating at arm's length. We conclude that a remand on this issue is not needed.

First, it is clear Safeco did not place undivided trust in Dain's advice. Safeco had its own surety bond credit analysts who investigated the transaction. Safeco conducted its own underwriting analysis. Safeco had the benefit of the appraisal by Shenehon and Strachota. There was not a unity of interests between Dain and Safeco. Thus, we find summary judgment on this issue was appropriate.

■ Safeco argues that even if Dain did not have a duty, that the district court erred in concluding that Dain could not undertake a duty. Safeco argues that in this case there are genuine issues of material fact regarding whether Dain undertook a duty. Safeco argues that

Dain undertook not only to provide Safeco with actual information and projections for IMS, but also to analyze that information and ensure its accuracy. By undertaking to provide *any* information regarding IMS, Dain undertook a duty to Safeco to communicate complete and accurate information and not to mislead Safeco as to the complete financial status of IMS.

(Emphasis added.) We are not persuaded. If accepted it could impose a duty in negli-

gence on every party in all transactions. It would be unreasonable to impose a duty whenever a party gives *any* information to another party. That is why the law of negligent representation imposes a duty on parties providing information for the guidance of others in the course of business or where there is a pecuniary interest. In other commercial relationships, for example between parties to a contract, the aggrieved party is limited to suit in contract or in fraud.

Safeco cites *Klein v. First Edina Nat'l Bank*, 293 Minn. 418, 196 N.W.2d 619 (1972) and *Newell v. Randall*, 32 Minn. 171, 19 N.W. 972 (1884) for the proposition that "one who speaks must say enough to prevent his words from misleading the other party." These cases are distinguishable. They involved intentional fraud.

Safeco also cites the *Caritas* case for the proposition that if one chooses to speak, one must say enough to prevent the words from misleading the other party, and also that once one speaks, one also has a duty to disclose facts when disclosure would be necessary to clarify information already disclosed. 488 N.W.2d at 288. That case is distinguishable on its facts.

In *Caritas*, the adoption agency had sensitive information that the parents of an infant were siblings. Although the adoption agency gave general information about the parents' ages, it did not disclose that they were siblings. *Id.* at 284–85. In that case, the adoption agency had a duty to use due care to ensure when it undertook to disclose information about a child's genetic parents and medical history that it disclosed that information fully so as not to mislead prospective adoptive parents. *Id.* at 288. That case is highly specialized. Conduct actionable against one class of defendant is not automatically actionable against another class of defendants. *Id.* at 287. The district court did not err in concluding that Dain did not undertake a duty as a matter of law.

Safeco argues that there are genuine issues of material fact regarding whether Dain had exclusive access to material information and whether Safeco undertook an independent investigation such that it did not reasonably rely on Dain's representations. Because we conclude Dain did not owe a duty to Safeco for purposes of negligent misrepresentation, these issues are moot.

Assuming for the sake of argument that Safeco could get to the issue of reliance, the record shows Safeco had its own surety bond credit analysts who investigated the transaction, conducted its own underwriting analysis, and had the appraisal of Shenehon and Strachota. It is clear Dain did not have exclusive access to material information. Safeco conducted its own investigation. Summary judgment was appropriate on the issue of an independent investigation and enough information to make one's own decision without having to rely on another.

Safeco argues that the trial court erred in concluding the affidavit from its expert was "inadmissible." Rather, we find the issue before the district court was whether Dain had a duty to Safeco for purposes of negligent representation; if there was a duty, what the standard of care was; and whether the expert's affidavit showed there were genuine issues of material fact regarding Dain's breach of the standard of care. In essence, the district court, rather than finding the affidavit inadmissible, basically found that the affidavit did not create a genuine issue for trial.

Finding Dain owed a duty to Safeco is an issue of law. An affidavit from an expert cannot create a duty where none exists. Where a party has no duty, there can be no breach. *Ruth v. Hutchinson Gas*, 209 Minn. 248, 257, 296 N.W. 136, 141 (1941) (holding where no duty, there was no breach). Opinions regarding legal issues are ordinarily not admissible. *See Conover v. Northern States Power*, 313 N.W.2d 397, 403 (Minn.1981). The district court properly concluded the affidavit did not show Dain had a legal duty.

### 2. Relief from Judgment

The decision to vacate a judgment is within the district court's discretion and that decision will not be reversed on appeal absent a clear abuse of discretion. *Sand v. School Service Employees Union,*

874

402 N.W.2d 183, 186 (Minn.App.1987), *pet. for rev. denied* (Minn. Apr. 29, 1987).

A court may relieve a party from a final judgment for "mistake, inadvertence, surprise or excusable neglect" or "any other reason justifying relief from the operation of the judgment." Minn.R.Civ.P. 60.02. The district court concluded that the new evidence Safeco presented only applied to whether Dain had breached a duty, and that because summary judgment was granted on the basis that Dain had no duty at all, Safeco did not qualify for relief from judgment. Because we have concluded that Dain did not owe Safeco a duty, the district court was correct.

Safeco also requested relief for "any other reason justifying relief from the operation of the judgment." Minn.R.Civ.P. 60.02(f). Because there were no exceptional or extraordinary circumstances where fairness would dictate relief from the judgment, the district court did not abuse its discretion in denying relief. *See Chapman v. Special Sch. Dist. No. 1,* 454 N.W.2d 921, 924 (Minn.1990).

*3. Record on Appeal*

■ Dain argues the documents Safeco submitted with its motion for relief from judgment are not part of the record on appeal and should be stricken. On appeal, the record consists of the papers filed in the trial court, the exhibits, and the transcript of the proceedings, if any. Minn.R.Civ.App.P. 110.01. Safeco appealed from the district court's denial of its motion for relief from judgment. Safeco filed these documents in the trial court in support of its motion for relief from judgment. Therefore these documents are part of the record on appeal and need not be stricken.

## DECISION

The district court correctly determined that Dain did not owe a duty to Safeco for purposes of establishing a threshold for the tort of negligent misrepresentation. The district court did not err in denying Safeco's motion for relief from judgment. The documents filed with Safeco's motion for relief

from judgment are part of the record on appeal and need not be stricken.

**Affirmed.**