*This opinion will be unpublished and*
*may not be cited except as provided by*
*Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A15-0275**

Highland Bank,
Respondent,

vs.

Mary L. Wyatt,
Appellant

**Filed December 14, 2015**
**Affirmed in part and reversed in part**
**Worke, Judge**

Ramsey County District Court
File No. 62-CV-14-700

Garth G. Gavenda, T. Chris Stewart, Lindsay W. Cremona, Stillwater, Minnesota (for respondent)

Karin Ciano, Minneapolis, Minnesota (for appellant)

Considered and decided by Worke, Presiding Judge; Larkin, Judge; and Randall, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**WORKE**, Judge

Appellant-borrower challenges the reinstatement of a mortgage-deficiency judgment in favor of respondent-bank on summary judgment, arguing that the district court improperly relied upon the theory of negligent misrepresentation and that summary judgment cannot be sustained on any other basis. Appellant also argues that there was no basis for the award of attorney fees to respondent. Because no genuine issue of material fact exists, we affirm the grant of summary judgment. But because there is no statutory or contractual basis for the award of attorney fees, we reverse in part.

## FACTS

In August 2006, appellant Mary L. Wyatt (Wyatt) and her then-husband Timothy Wyatt executed and delivered a promissory note, secured in part by a properly recorded mortgage, to respondent Highland Bank (Highland). The Wyatts subsequently defaulted on their payments and Highland sued them for foreclosure of the mortgage and a deficiency judgment. The Wyatts divorced in January 2010. In May 2010, the district court granted Highland judgment and ordered foreclosure of the mortgage. After a sheriff's sale where Highland was the highest bidder, the district court entered a joint-and-several deficiency judgment against the Wyatts for $409,964.13.

During post-judgment settlement negotiations with Highland, Wyatt submitted a financial statement showing that she had limited assets and significant debt. In December 2010, Wyatt and Highland reached a standstill agreement which settled the deficiency

judgment for $36,453. Highland filed the satisfaction of the judgment with the district court in October 2011.

Highland later learned that Wyatt had a real-property interest in Iowa farmland which was appraised at $359,100 in 2010; Wyatt's mother had transferred the interest to Wyatt and her siblings pursuant to a January 2003 warranty deed. Wyatt had disclosed the interest during her divorce proceedings. After learning about the Iowa property interest, Highland requested the prior judgment against Wyatt be reinstated, alleging fraudulent inducement, misrepresentation, and unjust enrichment. The district court granted Highland summary judgment and reinstated the deficiency judgment. It found that "[h]ad Wyatt disclosed her interest in the Iowa Property, Highland would not have agreed to the terms of the [settlement]" and concluded that Wyatt's failure to disclose her interest in the Iowa property constituted a breach of her duty of reasonable care.

Prior to the summary-judgment hearing, Highland submitted an affidavit from one of its attorneys which stated that Highland was "entitled to an award of attorneys' fees" of $36,243.67, the basis for which was detailed in the affidavit. The district court found that Highland incurred reasonable attorney fees and awarded Highland $36,443.67 in attorney fees and costs. Wyatt appeals.

## D E C I S I O N

### Summary judgment

We review a district court's grant of summary judgment de novo. *Riverview Muir Doran, LLC v. JADT Dev. Grp.*, 790 N.W.2d 167, 170 (Minn. 2010). "In doing so, we determine whether the district court properly applied the law and whether there are

3

genuine issues of material fact that preclude summary judgment." *Id.* We view the evidence in the light most favorable to the nonmoving party. *STAR Ctrs., Inc. v. Faegre & Benson, L.L.P.*, 644 N.W.2d 72, 76-77 (Minn. 2002). But "the party resisting summary judgment must do more than rest on mere averments." *DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn. 1997).

The district court granted Highland summary judgment based on negligent misrepresentation.

> A misrepresentation is made negligently when the misrepresenter has not discovered or communicated certain information that the ordinary person in his or her position would have discovered or communicated. Proof of the subjective state of the misrepresenter's mind, whether by direct evidence or by inference, is not needed to prove negligence.

*Florenzano v. Olson*, 387 N.W.2d 168, 174 (Minn. 1986). In a negligent-misrepresentation claim, it is essential "that the alleged misrepresenter owes a duty of care to the person to whom they are providing information." *Smith v. Woodwind Homes, Inc.*, 605 N.W.2d 418, 424 (Minn. App. 2000). The duty is that of reasonable care or competence from an objective standpoint. *Florenzano*, 387 N.W.2d at 174.

But "whe[n] adversarial parties negotiate at arm's length, there is no duty imposed such that a party could be liable for negligent misrepresentations." *Smith*, 605 N.W.2d at 424 (quotation omitted). Although a party that provides information for the purpose of guiding others in business activities owes the duty of reasonable care to the other party, a duty is not imposed "whenever a party gives *any* information to another party." *Safeco*

4

*Ins. Co. of Am. v. Dain Bosworth Inc.*, 531 N.W.2d 867, 874 (Minn. App. 1995), *review denied* (Minn. Jul. 20, 1995).

Because Wyatt and Highland are adverse parties, we conclude that negligent misrepresentation is an improper basis for summary judgment. Wyatt owed no duty to Highland; she did not provide them guidance and was not otherwise in a fiduciary position (in fact, Highland was more sophisticated in this arm's-length transaction).[1]

This court "may affirm a grant of summary judgment if it can be sustained on any grounds." *Doe v. Archdiocese of St. Paul*, 817 N.W.2d 150, 163 (Minn. 2012). Highland asserts that it was fraudulently induced into the settlement when Wyatt did not disclose her Iowa property interest and that this provides a basis for summary judgment. Fraudulent representation occurs when:

> (1) there was a false representation by a party of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made as of the party's own knowledge without knowing whether it was true or false; (3) with the intention to induce another to act in reliance thereon; (4) that the representation caused the other party to act in reliance thereon; and (5) that the party suffer[ed] pecuniary damage as a result of the reliance.

*Hoyt Props., Inc. v. Prod. Res. Grp., L.L.C.*, 736 N.W.2d 313, 318 (Minn. 2007) (quotation omitted). But except in special circumstances, a party has no duty to disclose material facts to the other party. *Richfield Bank & Trust Co. v. Sjogren*, 309 Minn. 362, 365-66, 244 N.W.2d 648, 650 (1976). Moreover, nondisclosure of a fact constitutes

---

[1] The parties dispute whether the district court should have addressed the affirmative defense of comparative negligence to the negligent-misrepresentation claim. Because we conclude that negligent misrepresentation is not a basis for summary judgment, we need not reach this issue.

fraud only if there is "suppression of facts which one party is under a legal or equitable obligation to communicate to the other, and which the other party is entitled to have communicated to him." *Id.* at 365, 244 N.W.2d at 650. However, a party "who speaks must say enough to prevent his words from misleading the other party." *Klein v. First Edina Nat'l Bank*, 293 Minn. 418, 421, 196 N.W.2d 619, 622 (1972).

Because Wyatt submitted a document that purported to contain all of her assets and liabilities but omitted her most significant asset, she made a false representation. It is irrelevant whether Wyatt acted in bad faith or intended to deceive Highland: fraudulent representation requires only the intent to induce action with reliance, not the intent to deceive. *See Hoyt*, 736 N.W.2d at 318. We therefore conclude that Wyatt's nondisclosure constitutes fraud that permits vacating the original settlement.

Wyatt further argues that the reasonableness of Highland's reliance on the financial statement, the harm done, and the damages suffered are questions of fact the district court should not have decided on summary judgment. "There is no genuine issue of material fact . . . when the nonmoving party presents evidence which merely creates a metaphysical doubt as to a factual issue and which is not sufficiently probative with respect to an essential element of the nonmoving party's case to permit reasonable persons to draw different conclusions." *DLH, Inc.*, 566 N.W.2d at 71. Wyatt's potential fact questions do not create genuine issues of material fact that preclude summary judgment. A determination of the exact value of the Iowa property is unnecessary for this grant of summary judgment given that it is undisputed that it has significant value, particularly in comparison to Wyatt's other assets. Moreover, Highland relied upon

6

Wyatt's financial statement because her financial position was essential to the original settlement. Because there are no genuine issues of material fact and fraudulent representation provides a basis for reinstating the original judgment, we affirm the district court's grant of summary judgment.

***Attorney fees and costs***

We generally review an award of attorney fees for an abuse of discretion. *Carlson v. SALA Architects, Inc.*, 732 N.W.2d 324, 331 (Minn. App. 2007), *review denied* (Minn. Aug. 21, 2007).[2] In Minnesota, attorney fees "are not recoverable in litigation unless there is a specific contract permitting or a statute authorizing such recovery." *Dunn v. Nat'l Beverage Corp.*, 745 N.W.2d 549, 554 (Minn. 2008). Neither party sets forth a statutory basis for attorney fees; thus, any such award must be based on a specific contract permitting such recovery. The district court concluded that Highland had incurred reasonable attorney fees and was entitled to them based on the underlying promissory note and standstill agreement.

The note states that "Lender may hire or pay someone else to help collect this note if [borrower] do[es] not pay, [borrower] will pay Lender that amount." But the attorney fees awarded here stem from the underlying standstill agreement, unrelated to the

---

[2] The parties dispute whether the award of attorney fees is appealable. Highland did not specifically plead attorney fees, but instead submitted an affidavit detailing the fees. Attorney fees were not discussed at the summary-judgment hearing and the district court accepted Highland's proposed findings on attorney fees verbatim. Wyatt had no meaningful opportunity to contest attorney fees prior to their award and therefore, in the interests of justice, we address the issue here. *See* Minn. R. Civ. App. P. 103.04 (noting that appellate courts may address issues as "the interest of justice may require").

7

collection of the note.   Therefore, the note does not create a contractual obligation for attorney fees in this set of claims.

The standstill agreement states that Wyatt

> agrees to pay all costs and expenses including, but not limited to, attorneys' fees of Lender in connection with the preparation, interpretation, and/or enforcement of this Agreement and any other agreements or documents . . . including, but not limited to, those costs, expenses, and attorneys' fees of Lender for trial or defense of any litigation [or] appellate . . . proceeding.

Under the plain language of the agreement, an action to reinstate the judgment is not the "preparation, interpretation, and/or enforcement" of the agreement.   Because attorney fees are not recoverable absent a specific contract, Highland is not contractually entitled to recover attorney fees based on the standstill agreement.   Therefore, we reverse the award of attorney fees.

**Affirmed in part and reversed in part.**